(No. 20397.—

THE PEOPLE *ex rel.* A. J. Poage, Appellant, *vs.* M. F. WALSH, Director of the Department of Registration and Education, Appellee.

*Opinion filed February 18, 1931.*

Ray E. Lane, for appellant.

Oscar E. Carlstrom, Attorney General, and Merrill F. Wehmhoff, for appellee.

Mr. Justice Stone delivered the opinion of the court:

Appellant, as relator, filed a petition in the circuit court of Sangamon county seeking *mandamus* against appellee, director of the Department of Registration and Education, to compel him to appoint a board of examiners who are osteopaths, to examine the petitioner and others similarly situated as to their qualifications to practice osteopathy and to issue or revoke licenses upon the recommendation of such board. A demurrer to the petition was filed and sustained and the petition dismissed. The cause is brought here on appeal.

The petition alleges that the petitioner is a graduate of the Chicago College of Osteopathy and is qualified under the laws of the State of Illinois to practice the treatment of human ailments without the use of drugs by the science or method known as osteopathy and entitled to take an examination under the laws of the State and rules of the Department of Registration and Education. The petition sets out the names of the board of examiners appointed by appellee; alleges that each is a medical practitioner licensed to practice the science of medicine and the use of operative surgery; that no one of said examiners is schooled in the science of osteopathy or familiar with the technique taught to osteopaths and are none of them qualified by learning or experience to examine petitioner in the science of osteopathy. The petition then sets out paragraph 6 of section 60a of chapter 127 of the statute, and quotes therefrom, among other provisions, the following: "For the purpose of preparing questions and reading papers on practice peculiar to any school, graduates of which may be can-

didates for registration or license, the director may designate additional examiners whenever occasion may require." The petition then charges that it is the duty of the director of registration and education under that act to appoint a board to prepare questions and grade papers on practice peculiar to the school of osteopathy, and that the occasion requires the appointment of such additional examiners under the statute. The petition alleges that the arbitrary appointment of a board of medical examiners to pass upon the qualifications of the petitioner and others similarly situated denies to him and to such others due process of law and is in violation of section 22 of article 4 of the constitution of Illinois and the fourteenth amendment to the constitution of the United States; also alleges that the act of the director of registration and education designating medical men as members of the board of examiners is special and class legislation, depriving the petitioner and others similarly situated of property rights without due process of law, in violation of section 22, article 4, and section 2 of article 2 of the constitution of Illinois and the fourteenth amendment to the constitution of the United States. Other grounds are set out in the petition for the issuance of the writ of *mandamus*.

There is no jurisdiction in this court of this appeal. The petition is based on a claimed construction of paragraph 6 of section 60*a* of the State Government act. There is no allegation in the petition and no assignment of error raising the constitutionality of the act. Counsel argues that the act of the director which the petition charges is contrary to the statute results in the violation of numerous of his constitutional rights, but the petition seeks *mandamus* on the ground that the director is not discharging his duty as required by statute. Nor is the State interested as a party or otherwise. The State is interested in a suit when it has a direct and substantial interest in the outcome. (*Bell Telephone Co.* v. *Commerce Com.* 302 Ill. 468; *People* v. *Con-*

*tinental Beneficial Ass'n,* 280 id. 113; *Hodge* v. *People,* 96 id. 423; *People* v. *Mitchell,* 317 id. 439.) No constitutional or other question giving this court jurisdiction appears in the record, and the cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*