The People of the State of Illinois ex rel. A. J. Poage, Appellant, v. M. F. Walsh, Appellee.

Gen. No. 8,513.

Opinion filed December 16, 1931.

Ray E. Lane, for appellant.

Oscar E. Carlstrom, Attorney General, and Merrill F. Wehmhoff, Assistant Attorney General, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

In this case a petition for mandamus was filed in the circuit court of Sangamon county in the case of the People on the relation of A. J. Poage, against the appellee, M. F. Walsh, Director of the Department of Registration and Education, averring that the relator is a graduate of the Chicago College of Osteopathy, a school duly recognized and authorized by the Department of Registration and Education of the State to confer the degree of doctor of osteopathy and the right to practice obstetrics; and that the students of which college are eligible under and by virtue of the laws of the State of Illinois and the rules of the Department of Registration and Education to take an examination for a license to practice the treatment of human ailments without the use of drugs by the science or method known and designated as osteopathy, and the right to practice obstetrics. And the petition also alleges in this connection that the relator has been illegally deprived of the right to be examined and obtain a license for the practice of osteopathy and obstetrics in the State; and therefore prays for a writ of mandamus to be directed to M. F. Walsh, Director of the Department of Registration and Education, "commanding him to do and save all such acts and to refrain from doing all such acts as this court in its judgment upon the filing of this petition commands and commanding in behalf of the People of the State of Illinois, most wrongfully aggrieved in the premises"; and especially "commanding the said M. F. Walsh, Director of the Department of Registration and Education to appoint a board of Doctors of Osteopathy to examine the relator and others similarly situated as to their qualifications and education to practice the system of treating human ailments without the use of drugs, known and designated as osteop-

athy.'' A demurrer was filed to the petition and sustained by the court; and the petition was thereupon dismisséd. Thereupon the cause was appealed to the Supreme Court on the ground that there was a constitutional question involved in the controversy. It was found however by the Supreme Court that a constitutional question was not involved, and therefore the cause was transferred to this court. *People ex rel. Poage v. Walsh,* 343 Ill. 136.

The allegations in the petition for mandamus upon which the relator bases his right to the writ of mandamus are as follows:

That the board of examiners, as constituted and appointed by the Department of Registration and Education under and by virtue of the authority vested therein by the statutes of the State of Illinois consists of Malcolm L. Harris, John R. Neal, Arthur H. Geiger, W. H. Gilmore and Gilbert Fitzpatrick, each and all of whom are medical practitioners licensed to practice under the laws of the State of Illinois the science of medicine and the use of operative surgery and the administration of drugs; that neither or any of said examiners are learned or schooled in the science of osteopathy; that neither or any of them are familiar with the technique taught to osteopaths; that neither or any of them are qualified by learning or experience to examine your petitioner or any other individual seeking a license to practice the science of osteopathy; . . . that under and by virtue of Cahill's St. ch. 91, ¶ 9; section 9, chapter 91, Smith-Hurd Revised Statutes of Illinois, your petitioner and others who seek to practice osteopathy and obstetrics are exempt from any examination concerning materia medica, therapeutics and surgery; that the present examiners are particularly schooled in the exempted subjects and are unlearned in the science and technique taught to your petitioner and others in like situation.

The petition further avers, that under and by virtue of Cahill's St. ch. 24a, ¶ 61(1); paragraph 6, section 60a, chapter 127, Smith-Hurd Revised Statutes, the Director of Registration and Education must appoint a board to prepare questions and grade papers on practice peculiar to the school of osteopathy; that the occasion requires the appointment of said additional examiners. . . .

The petition also avers that the committee so designated and appointed by the Director of Registration and Education to examine those seeking to practice the treatment of human ailments without the use of drugs and without operative surgery is prejudiced against applicants seeking to secure a license for the practice of osteopathy and obstetrics; that, at, to wit: the June examination, 1927, said committee arbitrarily marked and graded the answers of those students seeking a license to practice osteopathy and obstetrics so as to make it impossible for the students to pass said examination, thereby denying them their licenses; that at the examination conducted in 1929, the committee secretly changed its place of holding the examination to prevent those seeking examination for osteopathy and obstetrics to take the examinations; that when students seeking to take said examination located said committee, the committee then gave to said students ten questions each on obstetrics and gynecology and at the same time and during the same examination gave to those applicants seeking a license to practice medicine in all its branches, five questions on each of said subjects.

Wherefore your petitioner charges that the board of examiners is prejudiced and unfair to your petitioner and all applicants seeking a license for the practice of osteopathy and obstetrics.

The petition also avers that on, to wit, the 19th day of March, A. D. 1930, he served or directed to be served upon the Director of Registration and Educa-

tion a demand in writing for the appointment of a board of osteopaths to examine those applicants for licenses who were graduates of authorized recognized schools of osteopathy which demand has not been complied with by said Director of the Department of Registration and Education.

The powers and duties of the Department of Registration and Education concerning the matters in controversy, are defined in Cahill's St. ch. 24a, ¶ 59, subd. 6; paragraph 6, section 58, chapter 127 of the "State Government Act," namely: "To exercise the rights, powers and duties vested by law in the State Board of Health relating to the practice of medicine or any of the branches thereof, or midwifery." And Cahill's St. ch. 24a, ¶ 61(1); section 60a of chapter 127 provides that none of the functions and duties enumerated in section 60 of the Government Act shall be exercised by the Department of Registration and Education except upon the action and report in writing of a committee which shall be composed of persons designated from time to time by the Director of Registration and Education to take such action and to make such report, for the respective professions, trades and occupations; and "For the medical practitioners and midwives, five persons, all of whom shall be reputable physicians licensed to practice medicine and surgery in this State, no one of whom shall be an officer, trustee, instructor or stockholder (or otherwise interested, directly or indirectly) in any medical college (or medical institution), which confers upon its graduates the degree of doctor of medicine. For the purpose of preparing questions and rating papers on practice peculiar to any school, graduates of which may be candidates for registration or license, the director may designate additional examiners whenever occasion may require."

Concerning the relator's right to an examination for a license to practice osteopathy, Cahill's St. ch. 91, ¶ 9 (section 9 of chapter 91, Smith-Hurd's Revised

Statutes) provides as follows: "Examinations of applicants who seek to practice any system or method of treating human ailments without the use of drugs or medicines and without operative surgery shall be the same as required of applicants who seek to practice medicine in all of its branches, excepting therefrom *materia medica,* therapeutics, surgery, obstetrics, and theory and practice, and shall be such in the judgment of the department as will determine the qualifications of the applicant to practice the particular system or method of treating human ailments without the use of drugs or medicines and without operative surgery which he specifically designated in his application as the one which he would undertake to practice."

In order to entitle the relator to a writ of mandamus, it should clearly appear from the facts stated in the petition for mandamus that the appellee as Director of the Department of Registration and Education refuses to perform his duty provided by statute in reference to the appointment of a committee of reputable physicians licensed to practice medicine and surgery in this State. No facts are alleged in the petition which show a refusal on the part of the appellee to do so; and it is also evident that under the provisions of the statute in that regard, the Director of Registration and Education could not appoint "a board of doctors of osteopathy" to examine the relator for the purpose of testing his qualifications for a license to practice.

Concerning the relator's right to the writ, to secure an examination by a committee appointed for that purpose which he claims was denied him, it is based on the averment in the petition herein referred to, that on the 19th day of March, 1930, he served or directed to be served upon the Director of Registration and Education a demand in writing for the appointment of a board of osteopaths to examine those applicants for licenses who are graduates of authorized

recognized schools of osteopathy which demand has not been complied with by said Director of the Department of Registration and Education. There is no averment that he applied to the committee which has been appointed and was then functioning for that purpose in the manner provided by the statute; and it is apparent from the provisions of the statute that the relator's demand for the appointment of a "board of osteopaths" to examine him could not have been legally complied with by the Director of the Department of Registration and Education.

No legal basis is shown by the averments of the petition for the issuance of the writ prayed for. The demurrer was therefore properly sustained, and the judgment dismissing the petition is affirmed.

*Judgment affirmed.*