(No. 22464.—

FRANK G. KEPLINGER, Appellee, *vs.* ANNE R. LORD *et al.* Appellants.

*Opinion filed October 19, 1934.*

TUESBURG & ARMSTRONG, for appellants.

BAKER, NIVEN & CRABTREE, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Frank G. Keplinger filed a bill in the circuit court of Livingston county to foreclose a trust deed in the nature of a mortgage. Anne R. Lord, Charles E. Myers, Achalis M. Legg, William Brunskill and Diller S. Myers as trustees of the Apollos Camp and Bennet Humiston Trust, F. A. Ortman as trustee under the trust deed, and Joe Schulties, the tenant occupying the mortgaged premises, were made defendants to the bill. Answers were filed by all the defendants. By their answer, the five trustees averred that the complainant was not entitled to the relief sought because the trust they represented was a public one requiring the presence of the Attorney General of the State as a necessary party. A replication was filed to the answers and the cause was referred to the master in chancery. The trustees made a motion to vacate the order of reference, for leave to withdraw their answer and to file a plea setting forth the want of a necessary party, namely, the Attorney General, but the motion was denied. The master heard evidence and made a report recommending the entry of a decree in conformity with the prayer of the bill. The trustees interposed objections to his report charging that he had heard the evidence in the absence of a necessary party. The objections were allowed to stand as exceptions and were overruled by the chancellor. A decree of sale was entered on December 15, 1933. From that decree, the trustees of the Apollos Camp and Bennet Humiston Trust prosecute this appeal.

Harriet Humiston, a resident of the city of Pontiac, in Livingston county, executed her last will and testament on September 4, 1920. Shortly thereafter she departed this life and her will was proved and admitted to record by the county court of Livingston county. The testatrix, by her will, created, as a memorial to her father and husband, both deceased, "The Apollos Camp and Bennet Humiston Trust," devoted to educational and charitable purposes for the benefit of the inhabitants of the city of Pontiac. To this end she devised and bequeathed to five trustees the residue of her estate and conferred upon them broad and ample powers to administer the trust. The will provided that, in the event of the death, resignation, refusal to act or disability of any trustee, the surviving trustees should appoint the successor, and in case only one trustee survived, he should have the power to fill the vacancies. The present trustees are the appellants, Anne R. Lord, Charles E. Myers, Achalis M. Legg, William Brunskill and Diller S. Myers.

The testatrix died without descendants. Her heirs-at-law contested her will and a compromise of the litigation was effected. On August 18, 1930, the appellants filed a petition in the circuit court of Livingston county in which they alleged that they had issued unsecured notes of the trust estate aggregating $128,166.11 for the purpose of obtaining funds to settle the will contest, to pay legacies, to discharge a mortgage executed by the testatrix, to defray the cost of permanent improvements on real estate, to make necessary repairs to buildings and to pay executors', trustees' and attorneys' fees and other expenses of the estate. The court authorized the appellants, in the name and upon the credit of the trust estate, to execute mortgage notes aggregating $130,000 and three trust deeds in the nature of mortgages upon certain parcels of land to secure their payment, and to exchange the new mortgage notes for the outstanding unsecured notes. Pursuant to the authority so

granted, the appellants executed, among others, six notes amounting to $13,000, dated August 20, 1930, and due in five years, with interest at six per cent, payable semi-annually, and secured their payment by a trust deed in the nature of a mortgage to F. A. Ortman. The appellee, Frank G. Keplinger, bought these notes. Default was made in the payment of the semi-annual installment of interest, amounting to $390, due February 20, 1933. On April 13, 1933, the appellee filed his bill to foreclose the trust deed.

The appellants contend that this case concerns a public trust; that in such a case the Attorney General is the representative of the people of the State and a necessary party to the bill of complaint, and consequently, that an appeal from a decree affecting such a trust must be prosecuted directly to this court. No other ground for this court's jurisdiction of a direct appeal from the decree of the circuit court is asserted. Section 118 of the Practice act, to the extent that it is pertinent here, provides that appeals from the circuit courts, the superior and the criminal courts of Cook county, the county and the city courts, in all cases in which the State is interested, as a party or otherwise, shall be taken directly to the Supreme Court. The State is interested in a case, within the contemplation of the particular section of the Practice act, only when it has a direct and substantial, as distinguished from a mere nominal, interest in the subject matter of the litigation. (*People* v. *Walsh,* 343 Ill. 136; *Carlstrom* v. *Frackelton,* 341 id. 161; *People* v. *Mitchell,* 317 id. 439; *Illinois Bell Telephone Co.* v. *Commerce Com.* 302 id. 468; *People* v. *Continental Beneficial Ass'n,* 280 id. 113; *State Board of Agriculture* v. *Brady,* 266 id. 592; *Hitchcock* v. *Greene,* 252 id. 519; *Hodge* v. *People,* 96 id. 423). Moreover, the direct and substantial interest which is the condition of a direct appeal, it has been said, must be an interest of a monetary character. *People* v. *Mitchell, supra; Illinois Bell Telephone Co.* v. *Commerce Com. supra; State Board*

*of Agriculture* v. *Brady, supra; Hitchcock* v. *Greene, supra; Canal Comrs.* v. *Sanitary District of Chicago,* 191 Ill. 326; *McGrath* v. *People,* 100 id. 464.

Neither the State nor the Attorney General is a party to this suit. The remoteness of the State's interest in the controversy is manifest from the provisions of the will creating the Apollos Camp and Bennet Humiston Trust. The testatrix devised and bequeathed the property constituting the *corpus* of the trust to five trustees and charged them with its control and management for the benefit of the inhabitants of the city of Pontiac. Title to the trust estate is vested in the appellants as the trustees and they possess wide discretionary powers with respect to the administration of the trust. Whatever interest the State may have in the result of the litigation or in the determination of the question whether the Attorney General is a necessary party to the suit, clearly that interest is neither direct and substantial nor monetary and affords this court no basis for jurisdiction of a direct appeal.

The law requires that an appeal from the decree of which the appellants complain shall be prosecuted to the Appellate Court for the Second District, and not to this court. The question of jurisdiction of the subject matter has not been raised by the appellee. Where, however, such jurisdiction does not exist, it cannot be conferred by consent or acquiescence; and a court may not proceed to determine a cause of which it has no jurisdiction. *Dunavan* v. *Industrial Com.* 355 Ill. 444; *Hawkins* v. *Hawkins,* 350 id. 227; *Blodgett* v. *Blodgett,* 343 id. 569; *Merkel* v. *Woodside,* 333 id. 489; *Miller* v. *Illinois Central Railroad Co.* 327 id. 103; *Dunlap* v. *Myers,* 325 id. 398; *Larson* v. *Kahn & Co.* 322 id. 147; *Bennett* v. *Bennett,* 318 id. 193; *Road District* v. *McKinney,* 299 id. 130; *Stoddard* v. *Illinois Improvement Co.* 271 id. 98.

The cause will be transferred to the Appellate Court for the Second District. *Cause transferred.*