(No. 31354.—)

RETAIL LIQUOR DEALERS PROTECTIVE ASSOCIATION OF ILLINOIS *et al.*, Appellees, *vs.* CHARLES J. FLECK, *et al.*, Appellants.

*Opinion filed March 22, 1950—Rehearing denied May 15, 1950.*

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and JAMES C. MURRAY, all of Chicago, of counsel,) for appellants.

HALFPENNY & HAHN, of Chicago, (JAMES F. FLANAGAN, JOSEPH J. NAGLE, and E. S. D. BUTTERFIELD, of counsel,) for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

The plaintiffs-appellees instituted an action on the chancery side of the superior court of Cook County against the named members of the Illinois Liquor Control Commission (State commission) and the Attorney General as the legal counsel for the commission charged with the duty of conducting hearings and proceedings to enforce the orders of the commission and the provisions of the act. The action was, according to an allegation, a proceeding for a declaratory judgment in a case of actual controversy

under section 57½ of the Civil Practice Act. (Ill. Rev. Stat. 1947, chap. 110, par. 181.1.) Injunctive relief was asked, provided the court construed certain parts of the Illinois Liquor Control Act (Ill. Rev. Stat. 1947, chap. 43, pars. 94-195,) as the same were construed by the plaintiffs. The cause was heard solely on the complaint, the answer and the motion of the plaintiffs to strike vital portions of the answer and for judgment on the pleadings. The lower court struck portions of the answer and ordered that the licenses issue.

The facts on which the action rests can be stated by summarizing the admitted facts pertaining to the individual plaintiffs: Each plaintiff has received a local retail license for the year ending July, 1950, each has made applications for a State retail liquor license with tender of the requisite statutory license fee and has otherwise complied with all requirements of the Liquor Control Act. Plaintiffs Lira and Porten were convicted in 1949 of certain law violations—Lira of keeping a gambling house, and Porten of having slot machines while she held a State retail liquor license for the place. Neither of the convictions was reversed, set aside, annulled, or vacated. By reason whereof, the commission alleged, each is not entitled under the provisions of the Act to a State retail liquor license. Kinast has been told by the State commission it has been informed he knowingly allowed gambling in his tavern by an employee, that the commission was conducting an investigation of the charge, and that he was not entitled to a State retail liquor license until he is cleared.

The State commission attempted to justify its actions against the individual plaintiffs by claiming the provisions of the Liquor Control Act bestow upon it the duty and power to "apply police power of the State of Illinois, insofar as such police power has been embodied in the Illinois Liquor Control Act and other statutes directly and specifically governing the manufacture and sale of intoxicating

liquors, by investigating, upon due notice, by full hearing and. with due process of law, the eligibility of such applicants for Illinois State Retail Liquor licenses with a view to ascertaining and determining whether such applicants have complied with Illinois legislation fixing the qualifications and prerequisites for State licensure of establishments wherein liquor is to be sold or offered for sale. If the commission determines an applicant is not eligible for a State license, it is the duty of the commission to refuse such a license." It is claimed this authority is conferred, and the duty is imposed, not only by the intendment and tenor of the act, but by specific parts thereof.

It is the contention of all the plaintiffs that the State commission does not possess the claimed statutory discretion to determine whether the holder of a local retail liquor license should have a State. retail liquor license issued to him, when all the requirements pertaining to the application therefor and tender of the license fee have been fully complied with.

The lower court granted the motion to strike the vital portions of the answer, and entered an order wherein allegedly applicable sections of the State Liquor Control Act were construed to place a mandatory duty on the State commission to issue a State retail liquor license to each of the individual plaintiffs. The injunction issued restrained defendants from further proceeding with investigations and hearings in reference to those three applications, or to those of any member of plaintiff associations, who have obtained a local retail liquor license, have made proper application to the State commission for a State retail liquor license, and accompanied it with the required license fee.

The defendants appealed directly to this court by reason of the State's allegedly direct and manifestly important interest in the issue presented by this action. The plaintiffs do not question the appeal. This court does not have appellate jurisdiction of the cause, and the appeal must be

transferred to the Appellate Court, First District. Direct appeals may be taken to this court only according to the provisions of section 75 of the Civil Practice Act. (Ill. Rev. Stat., 1947, chap. 110, par. 199.) Where the State is interested, as a party or otherwise, the appeal can be taken directly to this court only when the State has a direct and substantial interest, and that interest must be of a monetary character. (*Illinois Bell Telephone Co.* v. *Commerce Com.* 302 Ill. 468; *Keplinger* v. *Lord,* 357 Ill. 571; *Lloyd* v. *State Treasurer,* 401 Ill. 520.) The acquiescence of the plaintiffs in this direct appeal cannot serve to confer jurisdiction on this court. The issue presented does not involve the validity of the State Liquor Control Act as a whole, or any part thereof; only a construction of the act, or a portion thereof, is involved. The license fee to be paid for a State retail liquor license is a flat $50. (Ill. Rev. Stat. 1947, chap. 43, par. 118, art. V, sec. 4.) That fee is the extent of the State's monetary interest under the issue presented, and that is only nominal by the admission of the defendants, made inferentially when the commission claimed the right and power to act in this case to bring about a result which could operate to deprive the State of the license fee tendered by the individual plaintiffs. The direct and substantial interest of the State in this action is in having the claimed right and power confirmed in the State commission, so the issuance of a State retail liquor license will be an act of administrative discretion and not a mere mandatory ministerial act. Whether a license fee is gained or lost in the exercise of the claimed administrative discretion would be beside the point. The State does not have that direct and substantial monetary interest needed to validate a direct appeal to this court from the judgment of the superior court of Cook County.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*