408 Ill. 219 (1951)
96 N.E.2d 556
RETAIL LIQUOR DEALERS PROTECTIVE ASSOCIATION OF ILLINOIS et al., Appellants,
v.
CHARLES J. FLECK et al., Appellees.
No. 31738.
Supreme Court of Illinois.
Opinion filed January 18, 1951.
HALFPENNY & HAHN, of Chicago, (JAMES F. FLANAGAN, JOSEPH J. NAGLE, ROBERT C. SCOTT, and E.S.D. BUTTERFIELD, of counsel,) for appellants.
IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and JAMES C. MURRAY, all of Chicago, of counsel,) for appellees.
Affirmed in part and reversed in part.
*220 Mr. JUSTICE DAILY delivered the opinion of the court:
Plaintiffs-appellants are two associations of liquor dealers, and certain individuals, natural persons, the latter being engaged in the retail sale of liquor in Illinois. They filed complaint in the superior court of Cook County for declaratory judgment finding that the granting of a local retail liquor dealer's license to an applicant is conclusive upon all questions of the applicant's eligibility for the license and that the Illinois Liquor Control Commission cannot refuse a State license nor can that commission hold hearings with respect to the applicant's eligibility, except that it may refuse a license for failure to pay the fee or to make application in the prescribed form.
The complaint alleges that each of the individual plaintiffs holds a local liquor license issued by a local commissioner and that each made application to the State commission for a retail license, deposited the fee required therefor and complied with all other provisions of the Illinois Liquor Control Act but that the State commission refused to issue such retail licenses and notified each individual that it would "proceed to hold a hearing for the purpose of determining whether you are qualified to receive such State Retailer's Liquor license under the terms and provisions of the Illinois Liquor Control Act." The persons constituting the State commission and the Attorney General were made parties defendant.
The answer to the complaint admits the above facts but avers that the two associations are not liquor dealers; that plaintiff Lawrence Lira is ineligible to receive a State license because he was convicted by a justice of the peace of the offense of keeping a gambling house, which conviction he falsely denied in his application for a State license; that plaintiff Margaret Porten is ineligible because she was convicted before a justice of the peace of having in her possession two slot machines, and that the State commission *221 has been informed that plaintiff Albert Kinast was the proprietor of a tavern at which, with his knowledge and acquiescence, gambling was permitted by his employee, and that unless the State commission found Kinast not guilty of suffering gambling at his tavern he is not entitled to a license.
The answer further avers that the said individual plaintiffs do not come into equity with clean hands nor have they exhausted their administrative remedies before the State commission and that the plaintiff associations, not being liquor dealers, were not proper legal representatives of liquor dealers; that they were not proper plaintiffs and that their presence constituted misjoinder of parties.
Motion to strike the answer was granted by the superior court, and judgment was entered declaring that the Illinois Liquor Control Act imposes a mandatory duty upon the defendants to issue a State retailers' license to each of the individual plaintiffs and precludes the defendants from refusing to issue a retailer's license to any person who has obtained a local license and made application in conformity with the act and paid the license fee provided for. The superior court also restrained the defendants from conducting a hearing relating to the issuance of such retailer's license. The Appellate Court reversed the decision of the lower court (341 Ill. App. 283,) and we granted leave to appeal from that decision.
It will be seen that the main question for determination is: May the State commission pass upon the qualifications of an applicant for State liquor retailer's license, (other than manufacturers, distributors or importing distributors, nonbeverage users, railroads and boats for which authority is clearly given,) or must it issue a State license when such person has obtained a local license and has made proper application therefor to the State commission and paid the required license fee? The question of the qualifications of *222 the individual appellants is not before us for decision, and this opinion is not to be construed as passing upon their qualifications for a license. Nor are we dealing with the wisdom of the statutory provisions hereinafter referred to. We are only called upon by this appeal to construe them.
The Illinois Liquor Control Act of 1934 (Ill. Rev. Stat. 1949, chap. 43, pars. 94-195,) is comprehensive and evidently intended to cover all questions arising in connection with the control of alcoholic liquors. Counsel for the respective parties have ably pointed out and discussed the pertinent provisions of the statute, but they reach opposite conclusions through their respective interpretations.
Section 12 of article III, (par. 108,) of the act is authority for the State Liquor Control Commission to issue a retailer's license, but the following section prohibits it from issuing the license (except to parties not here involved) unless the applicant therefor shall have obtained a local license for the same premises. The same section then says: "When such person has obtained a local license and has made application to the State commission in conformity with this Act and paid the license fee provided, it shall be the duty of the State commission to issue a retailer's license to him."
Section 3 of article IV empowers the local commissioner to grant, and revoke for cause, all local licenses issued to persons for premises within his jurisdiction, and the next paragraph gives him the right to examine or cause to be examined any applicant for a local license or for a renewal thereof. Section I of article VI covers the renewing of a license.
Section 2 of article VI provides: "No license of any kind issued by the State Commission or any local commission shall be issued to: * * * (2) A person who is not of good character and reputation in the community in which he resides; * * * (4) A person who has been convicted of a felony under the laws of the State of Illinois; * * * (6) A person who has been convicted of pandering *223 or other crime or misdemeanor opposed to decency and morality; * * *."
Section I of article VII requires the applicant for a license from the State commission to submit to it an application in writing under oath including: "(8) A statement that applicant has never been convicted of a felony and is not disqualified to receive a license by reason of any matter or thing contained in this Act; * * * (10) In the case of a retailer, that he has received a local license to sell alcoholic liquor at retail; * * *."
Section 4 of article VII states: "At any time during the pendency of an application the State commission shall have the right to compel the applicant to submit to any examination and to produce any books and records which, in the judgment of the State commission, are material to the determination of whether the applicant is qualified to receive a license under the provisions of this Act, * * *. The State commission shall also have the right to require the applicant to answer any charges made in any objection to the issuance of the license * * *. The failure of any applicant to appear at the time and place fixed by the State commission for his examination or to produce books and records requested, unless for good cause shown, shall be deemed to be an admission that the applicant is not qualified to receive a license."
Section 5 of article VII gives authority to the local commission to revoke any license issued by it, while the section immediately following provides that revocation of a local license shall automatically result in the revocation of a State license. Section 7 of article VII authorizes any five residents of a city, village or county to file a complaint with the local commissioner charging any retailer licensee with violating or having violated the provisions of the act and provides for a hearing of the complaint.
Section 7a of article VII is authority for the establishing of a license appeal commission for each city, village or incorporated town having a population of over 200,000, *224 and the next section provides for an appeal by any resident of the political subdivision under the jurisdiction of the local commission, or any person interested, from any order of the local commission granting or refusing to grant a license, revoking or refusing to revoke a license, or refusing to grant a hearing upon a complaint to revoke a license. The appeal from any such order in cities, villages and incorporated towns having a population of over 200,000 inhabitants shall lie to the license appeal commission and in any and all other cases to the State commission. Section 4 of article X says: "Whenever any licensee shall be convicted of any violation of this Act, the licenses of said licensee may, in the discretion of the State commission or of the local commissioner, (whichever has jurisdiction) be revoked and forfeited * * *."
It seems to us the act indicates a legislative plan vesting in the respective local commissioners the power to determine, subject to right of appeal, the qualifications of an applicant for a local retailer's license within their territory, and to create in the Illinois Liquor Control Commission power to determine the qualifications of applicants for licenses which, by their nature, would not be confined within a given municipality, such as licenses to manufacturers, distributors or importing distributors, non-beverage users, railroads and boats.
The plan also provides for right of appeal from any order of the local commissioner granting or refusing to grant a license, revoking or refusing to revoke a license, or refusing to grant a hearing upon a complaint to revoke a license. The appeal in each instance lies to the State commission except as to the actions of the local commissioner in cities, villages and incorporated towns having a population of over 200,000 inhabitants where the appeal lies to the License Appeal Commission created by the act. Appeals from the local commissioner may be taken by any resident of a political subdivision under the jurisdiction *225 of the local commissioner, or by any person interested. Upon any such appeal the action of the local commissioner is tried de novo, so that the State commission will then, on such appeal, exercise all the powers that are claimed for it, had it been given original jurisdiction to pass upon the applicant's qualifications. We do not believe it was the intention of the legislature to give the State commission both original and appellate jurisdiction to pass upon the qualifications of the same applicant for a local license.
Should the State commission on an application for a State license, after a local license has been granted, exercise original jurisdiction to pass upon the qualifications of the applicant and deny such license, the applicant would then be deprived of the right of appeal, as there is no provision in the act covering such situation. He would be without further remedy. We do not believe the legislature intended that any such situation should arise. Section 8 of article VII of the act provides for appeals from orders of the local commissioner, while sections 8a and 8b of article VII have to do with further appeal after the State commission has acted on an appeal to it.
Applicants for license, or any person interested, in cities, villages and incorporated towns having a population of over 200,000 inhabitants, are entitled to appeal from an order of the local commission concerning licenses to the license appeal commission of such municipality, yet the applicant must procure a State license from the State commission. Under appellees' theory, suppose such applicant is granted a local license and also a State license after a hearing before the State commission as to his qualifications, and an appeal by some interested person is taken within the prescribed time from the order of the local commission granting the license to the License Appeal Commission, and the latter, on trial de novo, determines that the local license was improperly issued. The legislature certainly did not intend that the applicant be burdened by having to present *226 his case on full hearing before two such bodies and find himself in the end with two contrary decisions.
We refer again to a portion of section 13 of article III reading: "When such person has obtained a local license and has made application to the State commission in conformity with this Act and paid the license fee provided, it shall be the duty of the State commission to issue a retailer's license to him." Appellee argues that the words "has made application to the State commission in conformity with this Act" gives the State commission power to determine whether or not the applicant meets all the qualifications required of him by the act. We do not believe the legislature intended more by those words than to require that the application contain the information called for by the act, and did not create power in the State commission to set the application down for hearing and require proof of all the matters therein stated.
Appellees argue that unless the State commission has power to determine the qualifications of an applicant, improper persons might be licensed by it. This assumes that the local commissioner would grant a local license to an improper person, because the applicant must first obtain such license. There is a presumption that public officials will properly perform the duties of their office. Should, however, a case arise wherein a license has been granted to improper persons, certainly some resident of the political subdivision wherein the license became effective, or some interested person, would know of the matters which might disqualify the applicant and would appeal from the action of the local commissioner as provided for in section 8 of article VII of the act.
It is also contended by appellees that because section 4 of article VII of the act requires an applicant to submit to an examination and to produce books and records before the State commission, the legislature certainly intended that the said commission have original authority or jurisdiction *227 to pass upon the qualifications of all applicants. While this paragraph could have been more specific, we believe the intention was to have its provisions apply only to cases where the original application must be made to the State commission rather than to the local commissioner, as in the cases of manufacturers, railroads, boats, etc. Section 8 concerning appeals furnishes ample power in a case properly appealed to the State commission for it to require the licensee to submit to examination and produce material books and records.
The various provisions of the act are not free from question, yet, when the act is considered as a whole, it is our opinion the intention of the legislature was to grant the local commissioner exclusive power to pass upon the qualifications of applicants within his territorial jurisdiction, subject, of course, to the right of appeal. The act contains provisions for speedy and adequate appeal to the State commission or to the License Appeal Commission, as the case may be, from the orders of the local commissioner, so that justice can be readily procured and the public adequately protected. Every effort should be exhausted to the end that only proper persons receive a local license for the sale at retail of alcoholic liquors. The qualifications to be exacted and those who are to pass upon the qualifications are matters which rest in the discretion of the legislature. Our duty is to construe the act and not to indicate what it should contain.
The Appellate Court decided that the plaintiff associations were not proper parties and that they were not entitled to any relief in his proceeding, as not being engaged in the liquor business, as not seeking State licenses, and as not being directly interested in the action. We held in Retail Liquor Dealers Protective Ass'n v. Schreiber, 382 Ill. 454, that a retail liquor dealers' association, which is not itself engaged in the business of selling alcoholic liquors at retail, cannot bring an action in mandamus as a representative *228 suit to compel certain municipal action in regard to the issuing of licenses, nor can it be said to be an interested party entitled to the issuance of the writ. While this is not an action in mandamus, it is one in which an injunction is sought and the reasoning and holding in the Schreiber case concerning parties is authority for the Appellate Court's decision, and its holding in that connection will be affirmed.
The contentions of appellees that the clean-hands doctrine is applicable here, and that appellants have not exhausted their administrative rights, are without merit. Other points are raised but we shall not discuss them because what we have already said fully disposes of this case. The holding of the Appellate Court to the effect that the plaintiff associations are not proper parties and that they are not entitled to any relief in this proceeding, is affirmed, but its decree in all other respects is reversed.
Affirmed in part and reversed in part.