People ex rel. Cairo Turf Club, Inc., Plaintiff-Appellant v. Chalmer C. Taylor, Chairman, Illinois Liquor Control Commission et al., Commissioners, Illinois Liquor Control Commission, Defendants-Appellees.

Gen. No. 9,896.

Opinion filed June 16, 1953. Released for publication July 2, 1953.

JOSEPH Z. SUDOW, and JULIAN B. VENEZKY, of Peoria, and JAMES H. MANNS, of Springfield, for appellant.

LATHAM CASTLE, Attorney General of State of Illinois, of Chicago, for appellees; WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, Assistant Attorneys General, all of Chicago, of counsel.

Mr. Justice Carroll delivered the opinion of the court.

Plaintiff filed its petition for a Writ of Mandamus in the circuit court of Sangamon county to compel the defendants, who constitute the Illinois Liquor Control Commission, to issue a state retailer's liquor license to plaintiff.

The answer of the defendants contained certain affirmative allegations to the effect that on January 4, 1952, Jake S. Rubin, president of the plaintiff corporation, was convicted of a violation of the federal laws concerning the sale of alcoholic liquors, a certified copy of the record of said conviction being attached to the answer; that the application of plaintiff stated that said Jake S. Rubin was the president of plaintiff corporation; that the Supplemental Sheet "B" attached to said application recited that said Jake S. Rubin was convicted in the District Court of the United States for the Eastern District of Illinois for an alleged violation of section 2857 of the Internal Revenue laws of the United States; that the local license obtained by the plaintiff from the local Commissioner of the City of Cairo was issued in violation of the statutory provisions pertaining to such licenses, and is therefore void; and that the defendants are prohibited by law from issuing a state retailer's liquor license to plaintiff.

The plaintiff filed its motion to strike portions of said answer. By agreement of counsel, the merits of the cause were argued on the hearing upon said motion, and no evidence was introduced.

This appeal is from the order of the circuit court overruling the motion of plaintiff and denying its prayer for a Writ of Mandamus.

The sole question presented by this appeal is whether, under the admitted facts, it was the clear duty of the defendants to issue a state retailer's liquor license to plaintiff.

448

The determination of this question will depend upon the extent of the powers which the defendants may exercise in passing upon an application for a state retailer's license where an applicant holds a local retailer's license and has applied in conformity with the Liquor Control Act. (Chap. 43, Ill. Rev. Stat.)

The authority of the State Commission to issue a retailer's license is found in section 12 of article III (par. 108 [Ill. Rev. Stats. 1951, ch. 43; Jones Ill. Stats. Ann. 68.015]) of the Liquor Control Act. However, the said Commission is not permitted to issue a retailer's license of the character involved in this suit unless the applicant therefor shall have obtained a local license. Section 13, article III (par. 109 [Ill. Rev. Stats. 1951, ch. 43; Jones Ill. Stats. Ann. 68.016]). This paragraph also contains the following provision: "When such person has obtained a local license and has made application to the State commission in conformity with this Act and paid the license fee provided, it shall be the duty of the State commission to issue a retailer's license to him."

Section 2, article VI (par. 120 [Ill. Rev. Stats. 1951, ch. 43; Jones Ill. Stats. Ann. 68.027]) of the Act lists certain persons as being ineligible to license, and provides: "No license of any kind issued by the State Commission or any local commission shall be issued to: . . . (4) A person who has been convicted of a felony under the laws of the State of Illinois;"

Section 1, article VII (par. 145 [Ill. Rev. Stats. 1951, ch. 43; Jones Ill. Stats. Ann. 68.052]) sets forth the requisites of an application for a state license and provides that an applicant for a state license shall submit an application in writing under oath to the Commission containing among other things the following: "(8) A statement that applicant has never been convicted of a felony and is not disqualified to receive a license by reason of any matter or thing contained in this Act;

. . . (10) In the case of a retailer, that he has received a local license to sell alcoholic liquor at retail; . . ."

The Act also provides for appeals to the State Commission from the order of a local commissioner granting or refusing to grant a retail license.

■ From the foregoing provisions of the Act, it is apparent that the State Commission is without power to pass upon the qualifications of an applicant for a local license. Exclusive power in that regard is vested in the local Commissioner, subject to the right of appeal. *Retail Liquor Dealers' Protective Ass'n v. Fleck,* 408 Ill. 219.

■ It therefore follows that the State Commission may not refuse to issue a license to an applicant for a state retailer's license upon the ground that said applicant lacked the necessary qualifications to entitle him to a local retailer's license. The Act vests no authority in the State Commission to inquire into such question by hearings or otherwise. A clear distinction is made by the Act between the power of the State Commission in the case of applications for licenses by manufacturers, distributors, non-beverage users, railroads, and boats and in the case of applications for local retail licenses. As to the former, the Commission is empowered to conduct hearings to determine the qualifications of applicants for such licenses. Section 4, article VII (par. 148 [Ill. Rev. Stats. 1951, ch. 43; Jones Ill. Stats. Ann. 68.055]) Illinois Liquor Control Act of 1934.

The defendants advance the argument that the refusal of the Commission to grant a license to plaintiff in the instant case was a ministerial act commanded by the Liquor Control Act and in support thereof direct this court's attention to section 2 of article VI hereinabove quoted. The defendants further urge that it appeared from the face of plaintiff's application that it was not entitled to a license because plaintiff, in an-

swering Question No. 22 in its application as to whether any officer, director, manager, or stockholder of plaintiff corporation had ever been convicted of a felony, had given the following answer: "No. See Supplemental Sheet 'B.'" From Supplemental Sheet "B" it appears that the president of plaintiff corporation had tendered his plea of *nolo contendere* in the District Court of the United States for the Eastern District of Illinois for alleged violation of section 2857 of the Internal Revenue laws, and that such plea was accepted by the court.

■ If this contention of the defendants is to be sustained, then section 2 of article VI of the Act, *supra,* must be construed to take from the local Commissioner the exclusive power to pass upon the qualifications of an applicant for a local license within the territory subject to his jurisdiction. This court is of the opinion that the Supreme Court, in its opinion in the case of *Retail Liquor Dealers' Protective Ass'n v. Fleck, supra,* has held adversely to defendants' contention. The plaintiffs in that case each held a local liquor license, and made applications to the State Commission for a retail license, and paid the fee required therefor, and complied with all other provisions of the Liquor Control Act. The State Commission refused to issue such retail licenses, and notified the applicants that it would "proceed to hold a hearing for the purpose of determining whether you are qualified to receive such State retailer's liquor license under the terms and provisions of the Illinois Liquor Control Act." Holding that the State Commission did not have original jurisdiction to pass upon the qualifications of applicants for a state license who held local retailer's licenses, the Supreme Court in that case said: "The various provisions of the act are not free from question, yet, when the act is considered as a whole, it is our opinion the intention of the legislature was to grant the local commissioner

exclusive power to pass upon the qualifications of applicants within his territorial jurisdiction, subject, of course, to the right of appeal. The act contains provisions for speedy and adequate appeal to the State commission or to the License Appeal Commission, as the case may be, from the orders of the local commissioner, so that justice can be readily procured and the public adequately protected. Every effort should be exhausted to the end that only proper persons receive a local license for the sale at retail of alcoholic liquors. The qualifications to be exacted and those who are to pass upon the qualifications are matters which rest in the discretion of the legislature. Our duty is to construe the act and not to indicate what it should contain."

In the instant case, it seems pertinent to observe that the State Commission, in refusing to grant the application of plaintiff, apparently proceeded upon the theory that it was authorized by the Act to hold a hearing to determine whether or not it was its duty to issue a state retailer's license to plaintiff. From the answer filed by the Commission, it appears that the defendants, in denying plaintiff's application, advised the plaintiff in writing that the Commission would be prohibited under the provisions of the Liquor Control Act from issuing a license to plaintiff, and further advised the plaintiff as follows: "Should you desire a hearing before the commission on this matter, the same will be arranged at a time mutually convenient."

This court is unable to distinguish the situation presented in the instant case from that passed upon by the Supreme Court in the case of *Retail Liquor Dealers' Protective Ass'n v. Fleck, supra*. In both cases, the Commission denied an application for a state license and sought to hold a hearing upon such application. Again referring to the opinion of the Supreme Court in the *Fleck* case, *supra*, we find the court construing

452

the power of the Commission with reference to holding hearings on an application for a state license in this language: "Appellee argues that the words 'has made application to the State commission in conformity with this Act' gives the State commission power to determine whether or not the applicant meets all the qualifications required of him by the act. We do not believe the legislature intended more by those words than to require that the application contain the information called for by the act, and did not create power in the State commission to set the application down for hearing and require proof of all the matters therein stated."

For the reasons herein noted, this court is of the opinion that the trial court was in error in denying the prayer of plaintiff for a Writ of Mandamus. The judgment of the circuit court of Sangamon county is therefore reversed and the cause remanded to that court with directions to issue the Writ of Mandamus.

*Reversed and remanded with directions.*