THE CITY OF PEORIA, Plaintiff-Appellee, v. BRIAN E. JOHNSON, Defendant-Appellant.

Third District   No. 3—87—0433

Opinion filed March 24, 1988.—Rehearing denied May 2, 1988.

Brian E. Johnson, of Winnebago, appellant *pro se*.

Gary L. Morris, Corporation Counsel, of Peoria, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Brian E. Johnson, has operated a bar in Peoria, Illinois, for nearly two years without a bartender's permit. The defendant was issued a complaint on January 14, 1987, for violating section 3—24 of the code of the City of Peoria; the section requires that a bartender hold a bartender's permit.

The defendant and plaintiff stipulated to facts substantiating the ordinance violation, and a jury thereupon returned a directed verdict against the defendant and assessed a fine of $50. The defendant had made two oral motions to dismiss the complaint on the grounds of vagueness and unconstitutionality of the subject ordinance. The motions were denied. This appeal raises the same issues for appellate review. Defendant appeared *pro se* in the trial court and on appeal. We reverse.

The defendant asserts that the State Liquor Control Act of 1934 (the Act) (Ill. Rev. Stat. 1985, ch. 43, par. 94 *et seq.*) permits a licensee to sell alcoholic liquor for consumption. He further alleges that the additional regulation placed upon licensees by the City of Peoria's ordinance, *i.e.*, the requirement that any person selling alcohol first obtain a bartender's permit, conflicts with the statute.

The Liquor Control Act reads in pertinent part:

> "A retailer's license shall allow the licensee to sell and offer for sale at retail, only in the premises specified in such license alcoholic liquor for use or consumption, but not for resale in any form ***." (Ill. Rev. Stat. 1985, ch. 43, par. 115(d).)

Section 3—24 of the code of the City of Peoria states:

> "(a) It shall be unlawful for any person to sell or serve alcoholic

liquor across a dram shop counter or attend upon any bar unless he shall have on his person a current valid bartender permit, or for a licensee under the Chapter to permit any person to do so unless such person shall have on his person a current valid bartender permit ***." Peoria, Ill., Municipal Code §3—24.

The City asserts that it has the authority to require a bartender's permit pursuant to section 4—1 of the Liquor Control Act. Under section 4—1 municipalities are specifically authorized to "establish such further regulations and restrictions upon the issuance of and operations under local licenses not inconsistent with law as the public good and convenience may require." Ill. Rev. Stat. 1985, ch. 43, par. 110.

■■ The Liquor Control Act is a compound of regulatory, disciplinary and penal import. (*Canadian Ace Brewing Co. v. Swiftsure Beer Service Co.* (1958), 17 Ill. App. 2d 54, 149 N.E.2d 442.) Under the Act the legislature determined to establish a system of strict regulation. (*Retail Liquor Dealers Protective Association v. Fleck* (1950), 341 Ill. App. 283, 93 N.E.2d 443, *affirmed in part and reversed in part on other grounds* (1951), 408 Ill. 219, 96 N.E.2d 556.) The Liquor Control Act contains the delegation of power to municipalities to control traffic in intoxicating liquors and prescribes the limits beyond which a municipality may not act; any ordinance or act of a municipality beyond the legislative authorization of the Act is without legal force or validity. *Cheetah Enterprises, Inc. v. County of Lake* (1974), 22 Ill. App. 3d 306, 317 N.E.2d 129.

■■ The parties to the instant suit have inexplicably failed to note that our State supreme court has addressed the scope of a local governing unit's power within the context of a bartender license requirement. In *Heidenreich v. Ronske* (1962), 26 Ill. 2d 360, 187 N.E.2d 261, the plaintiffs were holders of retail liquor licenses. They filed a complaint for declaratory judgment seeking a declaration that certain provisions of the Du Page County local liquor control ordinance requiring the licensing of bartenders were unconstitutional. The court held that the "further regulations" clause of the Act did not empower a county to provide for a system of licensing bartenders, since the power to license bartenders was not specifically granted by the Liquor Control Act and not reasonably necessary to effectuate those powers which were granted.

The rule is well established that the only power of the municipality to regulate the sale of alcoholic beverages is that conferred upon it by the State. The *Heidenreich* case makes clear that the subject ordinance requiring bartending permits is invalid in that it is beyond the

ambit of the provisions of the Liquor Control Act.

Due to our disposition of the foregoing issue we need not address the other issue raised for review.

For all of the foregoing reasons the judgment of the circuit court of Peoria County is reversed.

Reversed.

STOUDER, P.J., and HEIPLE, J., concur.