JANET MUNCH, Plaintiff-Appellant, v. THE VILLAGE OF VERNON HILLS, Defendant-Appellee.

Second District    No. 2—93—1085

Opinion filed November 14, 1994.

Eric H. Jostock, of Chicago, for appellant.

Berle L. Schwartz, of Highland Park, and Adeline J. Geo-Karis, of Adeline J. Geo-Karis & Associates, of Zion, for appellee.

JUSTICE PECCARELLI delivered the opinion of the court:

Plaintiff, Janet Munch, appeals the order of the circuit court of Lake County dismissing her declaratory action against defendant, the Village of Vernon Hills. We affirm.

On May 14, 1992, plaintiff was arrested with a complaint and summons with notice to appear for failing to register for a Beverage Alcohol Sellers and Servers Education and Training Program (the BASSET program) as required by Vernon Hills Ordinance number 92—08 (Vernon Hills, Ill., Ordinance No. 92—08 (1992)). Plaintiff filed a declaratory action alleging (1) that the Village of Vernon Hills did not have the legal authority to enact the ordinance under the Liquor Control Act of 1934 (Liquor Control Act) (235 ILCS 5/1—1 *et seq.* (West 1992)); and (2) that the ordinance only applied to the owner of the liquor license and did not apply to the employee. Defendant filed a motion to dismiss the declaratory action. On August 17, 1993, the trial court granted defendant's motion to dismiss, finding in relevant part:

"1. The defendants [*sic*] are authorized to regulate liquor licenses by non-discriminatory provisions consistent with the public good and convenience.

2. The challenged regulation does not deny a license to a person or class not specified in the enabling statute and is facially intended to promote public good and convenience.

3. It appears that § 3—32A(3) of the ordinance applies to the plaintiff in this case.

WHEREFORE IT IS hereby ordered that Defendants [*sic*] Motion to Dismiss is granted."

Plaintiff filed a timely notice of appeal. On appeal, plaintiff argues (1) that the trial court erred in failing to find that the ordinance improperly created a parallel system of licensing; (2) that the trial court erred in failing to find that the ordinance improperly prohibits a person or class from receiving a liquor license for a reason not specified in the Liquor Control Act; and (3) that the trial court erred in finding that the ordinance applied to plaintiff.

The Illinois Alcoholism and Other Drug Dependency Act (Act) (Ill. Rev. Stat. 1991, ch. 111½, par. 6351—1 *et seq.* (now codified, as amended, at 20 ILCS 305/1—101 *et seq.* (West 1992))), in the legislative declaration (20 ILCS 305/1—102 (West 1992)), directs that the Act shall be liberally construed to carry out the objectives and purposes of the Act. The Liquor Control Act (235 ILCS 5/1—2 (West 1992)) directs that the Liquor Control Act shall be liberally construed.

The Liquor Control Act (Ill. Rev. Stat. 1985, ch. 43, par. 93.9 *et seq.* (now codified, as amended, at 235 ILCS 5/1—1 *et seq.* (West 1992))) was amended by Public Act 84—272, section 6, effective January 1, 1986, by adding section 6—27, Identification Programs—Certification (Ill. Rev. Stat. 1985, ch. 43, par. 144c (now codified, as amended, at 235 ILCS 5/6—27 (West 1992))). The amendment provided for programs designed to educate or train employees and for employees who sell or serve alcoholic beverages at retail to be certified. Section 6—27, Identification Programs—Certification, was further amended by Public Act 84—1394, section 4, effective September 18, 1986, which substituted the word "licensed" for "certified" and renamed section 6—27, Identification Programs—License. Ill. Rev. Stat. 1991, ch. 43, par. 144c (now codified, as amended, at 235 ILCS 5/6—27 (West 1992)).

The Liquor Control Act does not specifically include or specifically exclude programs designed to educate or train employees who sell or serve alcoholic beverages at retail by licensing. (235 ILCS 5/4—1 (West 1992).) When the legislature enacted Public Act 84—272, as amended by Public Act 84—1394, it is presumed to have known the existing statutory declarations for a liberal construction of the Illinois Alcoholism and Other Drug Dependency Act and the Liquor Control Act and all other provisions of the Liquor Control Act.

In resolving the issues presented in this case, this court must reconcile and give meaning to all statutes, not inconsistent with each other, bearing upon the questions raised. The necessary conclusion in this case is that the legislature intended to confer upon the municipal authority the power to require those persons who serve and sell alcoholic beverages to register and have proof of their education and training in a BASSET program and the education, training, registration and proof of such education and training were reasonably necessary to make effective the exercise of powers granted to the municipality.

The plaintiff cites *Heidenreich v. Ronske* (1962), 26 Ill. 2d 360, a case that arose in this district and was appealed directly to the supreme court. The *Heidenreich* case provided that the County of Du Page did not have the power to license bartenders. The *Heidenreich* case was decided prior to the amendments to the Liquor Control Act by Public Act 84—272 and Public Act 84—1394.

The plaintiff cites *Tavern Owners Association of Lake County, Illinois, Inc. v. County of Lake* (1977), 52 Ill. App. 3d 542, a case that arose in this district and in which this court decided the regulation of the County of Lake, which prohibited liquor licensees from employing persons under the age of 21 as bartenders, was valid. The *dicta* in the case regarding a purported parallel licensing system argued by

plaintiff are not germane to the instant case. The *Tavern Owners* case was decided prior to the amendments to the Liquor Control Act.

The plaintiff also cites *City of Peoria v. Johnson* (1988), 167 Ill. App. 3d 592, 594, which cites *Heidenreich* (26 Ill. 2d 360) with approval. The court in *City of Peoria* does not refer to nor does it discuss the amendments to the Liquor Control Act, Public Act 84—272, effective January 1, 1986, or Public Act 84—1394, effective September 18, 1986.

Vernon Hills Ordinance Number 92—08, read in the clearest, understandable language, applies to plaintiff. Section 3—32A(a)(3) provides:

> "All persons who serve or sell alcoholic liquor shall, prior to serving or selling any alcoholic liquor with the Village of Vernon Hills, register for a BASSET training course *** within ninety (90) days of employment with establishment." (Vernon Hills, Ill., Ordinance No. 92—08 (1992).)

Plaintiff argues that the concluding sentence of that section, "Registration of the employees is the responsibility of the licensee," requires the licensee to register for BASSET training. Plaintiff's conclusion is inconsistent with the plain ordinary meaning of the words that all persons who serve or sell alcoholic liquor shall register and the conclusion is convoluted at best. The Illinois Alcoholism and Other Drug Dependency Act (20 ILCS 305/1—101 *et seq.* (West 1992)), in the legislative declaration (20 ILCS 305/1—102 (West 1992)), directs that the Act shall be liberally construed to carry out the objectives and purposes of the Act. The Liquor Control Act (235 ILCS 5/1—2 (West 1992)) directs that the Liquor Control Act shall be liberally construed.

After a review of the record, we conclude that the trial court's conclusions of law were not erroneous. The trial court's order adequately explains the decision. Therefore, the order of the circuit court of Lake County dismissing plaintiff's declaratory action is affirmed.

Affirmed.

WOODWARD and QUETSCH, JJ., concur.