(No. 11297.—Decree affirmed.)

HENRY W. BOERNER, Appellant, *vs.* WILLIAM HALE THOMPSON *et al.* Appellees.

*Opinion filed April 19, 1917.*

1. DRAM-SHOPS—*Sunday Closing law embraces all places where intoxicating liquors are sold.* Section 259 of the Criminal Code, making it unlawful to keep open on Sunday any tippling house or place where liquors are sold or given away, is sufficiently comprehensive to embrace all places where intoxicating liquors are sold, whether such places are licensed or unlicensed, and the keeping of such places open to the public on Sunday under any pretext is a violation of the statute.

2. SAME—*Sunday Closing law is general in its application and is not discriminatory.* Section 259 of the Criminal Code, against keeping dram-shops open on Sunday, is a general law in force in all parts of the State, is applicable to all persons keeping places where intoxicating liquors are sold and is not subject to the objection that it is discriminatory.

3. SAME—*control of sale of intoxicating liquor is within police power.* The control and regulation of the sale of intoxicating liquor by prescribing the times when, places where and the circumstances under which it may be sold are within the police power of the State.

4. SAME—*giving municipality power to regulate sale of liquor does not repeal any general law on the subject.* The grant of power to muncipalities to regulate or prohibit the sale of intoxicating liquor does not operate to repeal a general law upon the subject.

5. SAME—*ordinance imposing conditions on applicant for a license to keep dram-shop not unconstitutional.* Ordinances imposing conditions on applicants for licenses to keep dram-shops, including an agreement to be bound by all future laws and ordinances on the subject, giving the mayor power to revoke licenses for violations of the agreement and providing for a forfeiture of the license fee to the city, do not deprive anyone of property without due process of law and do not violate any constitutional rights.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

MILES J. DEVINE, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, (JAMES W. BREEN, and CHESTER E. CLEVELAND, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant, Henry W. Boerner, a dram-shop keeper in the city of Chicago, on behalf of himself and all others similarly situated, filed his bill in the superior court of Cook county January 25, 1916, seeking to enjoin appellees, the mayor and superintendent of police of said city, from interfering with the owners of dram-shops in the opening, operating and conduct of their places of business on Sunday, from arresting appellant and others similarly situated for keeping open their places of business on the Sundays following the date of the filing of the bill, and from revoking the license of a dram-shop keeper because of his keeping his place of business open on Sunday. The bill alleges the appellant conducts a dram-shop as contra-distinguished from a tippling house, and that he has been ordered to close his place of business on Sundays and not to sell intoxicating liquor or other beverages or merchandise on said days, and the bill avers, and it is the contention of appellant, that there is no State law or ordinance of the city of Chicago prohibiting him from selling intoxicating liquor on Sundays, but that the Cities and Villages act of 1872 authorizes the various cities and villages of the State of Illinois to license, regulate and prohibit the sale of liquor by licensed dram-shop keepers, thus giving to the city council of the city of Chicago the authority to prohibit the sale of intoxicants on Sunday, which authority it has not exercised; and further, that there is no State law or city ordi-

nance prohibiting the sale of non-intoxicants or merchandise by licensed dram-shop keepers on Sunday. The bill further alleges that the threatened revocation of appellant's license by the mayor of the city of Chicago without a hearing is an illegal and unjust exercise of power by said official which amounts to a deprivation of property without due process of law. A demurrer of appellees having been sustained to the bill and a decree entered dismissing it, this appeal was perfected.

Appellant's contentions, briefly stated, are: (1) That the Sunday Closing law (Crim. Code, sec. 259,) does not apply to licensed dram-shops but only to places where liquor is sold contrary to law; and (2) that a licensed dram-shop keeper, if he cannot sell liquor on Sunday, can keep his place of business open for the sale of non-intoxicants and other articles of merchandise.

The appellant contends that a tippling house is a place where intoxicating liquors are sold without a license, and that the Sunday Closing law is limited in its application to such places and has no reference to dram-shops. It may be conceded that in England, about the time of the reign of Queen Anne, houses where ale and other intoxicants were sold to be drank on the premises, not licensed, were called tippling houses, and that similar places have been so denominated in some of the States in this country, but section 259 of the Criminal Code is sufficiently comprehensive to embrace all places where intoxicating liquors are sold, whether such places are licensed or unlicensed. Said section reads: "Whoever keeps open any tippling house, or place where liquor is sold or given away, upon the first day of the week, commonly called Sunday, shall be fined not exceeding $200." If we were prepared to hold that the words "tippling house" meant an unlicensed place where liquor is sold, we would nevertheless be compelled to hold that the language, "or place where liquor is sold or given away," was intended to, and does, include licensed dram-

shops. The rule that words of general description follow-
ing a specific enumeration of objects include only things
or objects of the same kind as those specifically enumer-
ated can have no application here. The statute referred to
makes it unlawful to keep open on Sunday any place where
liquor is sold or given away, and can by no reasonable rule
of construction be limited to places only where liquors are
sold without a license. In the common acceptation and
understanding a licensed dram-shop is as much a tippling
house as an unlicensed place where liquors are sold, and
we are of opinion that it was in this sense the term was
used in the statute. Section 2 of the Dram-shop act makes
it unlawful for anyone not having a license, to sell intoxi-
cating liquors in less quantity than one gallon to be drank
on the premises, and section 7 makes all places where in-
toxicating liquors are sold in violation of the act nuisances.
If a tippling house means only an unlicensed place where
intoxicating liquors are sold, keeping and conducting it is
unlawful every day in the week, and we cannot think the
legislature intended by section 259 of the Criminal Code
to provide a penalty for keeping open on Sunday a place
it was unlawful to keep open any day or at any time. But,
as we have said, the language of said section 259 is so
plain and unambiguous that to hold it only applies to un-
licensed places where liquors are sold would be to disregard
the meaning and intent of the statute. It applies by its
plain terms to any place where liquor is sold or given away,
and courts are bound to give it effect according to its mean-
ing and intent unless it is in violation of the constitution.

It is contended by the appellant that keeping a licensed
dram-shop is a lawful business authorized by the statute;
that the power to license, regulate and prohibit the business
is vested in cities and villages, and when no ordinance pro-
hibits a dram-shop keeper from keeping open on Sunday he
has the legal right to keep open and sell liquors on Sunday
the same as any other day and the same as any other per-

son who is not engaged in keeping a dram-shop for the sale of intoxicating liquors; and that to prevent[9] a dram-shop keeper from keeping open and selling on Sunday is a discrimination against and deprives him of rights and privileges enjoyed by others and guaranteed him by the State and Federal constitutions. The law against keeping open dram-shops on Sunday is a general law in force in all parts of the State, (*United States* v. *Hrasky*, 240 Ill. 560,) and no ordinance is required. The control and regulation of the sale of intoxicating liquor by prescribing the times when, places where and the circumstances under which it may be sold are within the police power of the State. (*People* v. *Kaelber*, 253 Ill. 552; *Wall* v. *Allen*, 244 id. 456; *South Shore Country Club* v. *People*, 228 id. 75.) The grant of power to municipalities to regulate or prohibit the sale of intoxicating liquor does not operate to repeal a general act upon the subject. (*Gardner* v. *People,* 20 Ill. 431.) Section 259 of the Criminal Code is a general law applicable to all persons keeping places where intoxicating liquors are sold and is not subject to the objection that it is discriminatory. That persons conducting places where liquor is not sold are permitted to sell their goods and merchandise affords no argument to support the proposition that the law deprives appellant of constitutional rights which are permitted to others. Section 259 applies to all who are similarly situated and violates no constitutional provision.

The ordinances of the city of Chicago provide that no license to keep a dram-shop shall be issued unless the applicant for such license shall agree, in his application, to comply with all the regulations and conditions imposed by the laws of the State or the ordinances of the city in force at the time of making such application or that may thereafter be passed, relating to the conduct and management of saloons and dram-shops, and authorize the mayor to revoke licenses for a violation of such agreement, and the license fee paid for such license shall be forfeited to the

city. It is contended this is a deprivation of property without due process of law and that the power attempted to be conferred on the mayor is unconstitutional and void. In *Schwuchow* v. *City of Chicago,* 68 Ill. 444, it was held that where one applies for a license to keep a dram-shop under an ordinance imposing conditions and restrictions he assents to the conditions imposed both in the license and the ordinance. In *People* v. *McBride,* 234 Ill. 146, this court said: "Licenses to sell liquor are not contracts and create no vested rights. They are merely temporary permits to do what would otherwise be an offense against the law, and the license of plaintiff in error stated on its face that it was subject to all the laws of the State and ordinances of the village which then were or might thereafter be in force." The powers conferred by the ordinances on the mayor are not violative of any constitutional right of the appellant.

It is the keeping open on Sunday of a tippling house or place where liquor is sold or given away that is made a misdemeanor by section 259, in force July 1, 1874, and cases cited by appellant holding that under the act of 1845 the place must be open for tippling purposes are not controlling. The keeping of such places open to the public on Sunday under any pretext is a violation of the statute. We have refused to interfere by *mandamus* with the conduct of officers of the city of Chicago in the discharge of their powers to enforce the Sunday Closing law, (*People* v. *Dunne,* 219 Ill. 346; *People* v. *Busse,* 238 id. 593;) and we have no authority to restrain them by injunction from exercising their lawful powers upon that subject.

The decree of the superior court dismissing the bill is affirmed.                                        *Decree affirmed.*