(No. 27006.—

THE RETAIL LIQUOR DEALERS PROTECTIVE ASSOCIATION OF ILLINOIS *et al.*, Appellants, *vs.* LUDWIG D. SCHREIBER *et al.*, Appellees.

*Opinion filed March 16, 1943.*

HALFPENNY & HAHN, and O'FARRELL & AMES, for appellants.

BARNET HODES, Corporation Counsel, (MARTIN H. Foss, of counsel,) for appellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellants, The Retail Liquor Dealers Protective Association of Illinois, a corporation, and one John J. Quinlan, filed a complaint in the circuit court of Cook county seeking

a writ of *mandamus* against defendant Edward J. Kelly as mayor and liquor commissioner of the city of Chicago, and the defendant Ludwig D. Schreiber, city clerk of that city, commanding them to cancel a liquor license issued to one Ada Shiffman, and all like liquor licenses issued in violation of a city ordinance designated as city ordinance 147-8 of the City Code of Chicago, and to cease issuing such licenses. The complaint was stricken on defendants' motion and the cause dismissed. The trial judge has certified that the validity of a municipal ordinance is involved and that the public interest requires an appeal direct to this court.

The complaint alleges that the plaintiff Quinlan is a taxpayer and resident of the city of Chicago and that the Retail Liquor Dealers Protective Association, a nonprofit corporation, is an organization of retail liquor dealers. Both parties allege an interest in the proper regulation of retail liquor sales and the ordinances pertaining thereto. It is also in the complaint alleged that the ordinance referred to herein as 147-8 of the City Code of Chicago, was passed, to become effective October 31, 1941, by virtue of powers conferred upon the city by section 1 of article IV of the Illinois Liquor Control Act. (Ill. Rev. Stat. 1939, chap. 43, par. 110.) The complaint also sets out that section 1 of article IV of the Liquor Control Act was, on July 11, 1941, amended, but that such amendment does not supersede or repeal the ordinance 147-8 for two reasons, first, it was not the intention of the General Assembly that it should do so, and, second, the amendment is invalid for the reason that it cannot be given an intelligible application, is in conflict with itself and unworkable, and is therefore void and unconstitutional.

The complaint sets out that the defendants issued to Ada Shiffman a liquor license contrary to the provisions of ordinance 147-8 and prays that the writ of *mandamus* issue to compel the major, as liquor commissioner, and the

city clerk, to cancel that license and all other licenses issued in violation of said ordinance, and "to cease and stop issuing licenses in violation of said ordinance."

The defendants moved to strike and dismiss the complaint as not stating a cause of action, for the following reasons: (1) *mandamus* is not a proper remedy; (2) neither plaintiff is entitled to maintain the action, as neither has any interest therein or has property rights affected thereby; (3) the ordinance 147-8 was nullified by the valid amendment of the act in 1941.

Prior to the amendment of section 1, article IV of the Illinois Liquor Control Act, that section, insofar as material here, gave to cities and villages power to, by general ordinance, determine the number, kind and classification of licenses for the sale of alcoholic liquor, and "to establish such further regulations and restrictions upon the issuance of and operation under local licenses not inconsistent with law as the public good and convenience may require." Ordinance 147-8 to become effective October 31, 1941, after various "Whereases," provided, in part, as follows: "No City retailer's license for the sale of alcoholic liquor shall be issued for any premises wherein any commodities other than alcoholic liquors are to be sold (food and beverage for consumption on said premises, and cigars and cigarettes excepted). This section shall not apply to the lobbies of hotels and clubs." The amendment to section 1 of article IV, effective July 1, 1941, after general provisions similar to the original section and further provisions that women or minors, other than the licensee or the wife of a licensee, should not pour, mix or draw alcoholic liquors as an employee of the retail licensee and prohibiting minors from attending bar, empowered cities and villages "to establish such further regulations and restrictions upon the issuance of and operation under local licenses not inconsistent with law as the public good and convenience may require;

provided, however, that in the exercise of any of the powers granted in this section, the issuance of such licenses shall not be prohibited except for reasons specifically enumerated in Sections 2, 8, 8a, and 21 of Article VI of this Act."

Section 2 of article VI of the act, defines persons ineligible to receive such licenses. Section 8 of article VI prohibits the issuance of licenses for the sale of liquor at retail within one hundred feet of any church, school, hospital, or home for the aged or indigent, and other places therein designated. Section 8a provides "no license shall be issued to any person for the sale at retail of any alcoholic liquor at any store or other place of business where the majority of customers are minors of school age or where the principal business transacted consists of school books, school supplies, food, lunches or drinks for such minors." Section 21 of article VI has to do with the issuance of such licenses to restaurants.

It is admitted that the restrictions in ordinance 147-8 denying the right to issue licenses to stores wherein commodities other than alcoholic liquor are sold, with the exceptions there noted, are not embraced in the above-named sections of the Liquor Control Act as amended, nor within section 1 of article VI as amended, which, as we have seen, provide that in the exercise of any of the powers granted to cities or villages in the issuance of liquor licenses, the issuance of such licenses shall not be prohibited except for reasons specifically enumerated in the sections of article VI there referred to.

Appellees insist here that neither Quinlan nor the Retail Liquor Dealers Protective Association have any right to institute *mandamus* proceedings in this matter; that the association does not show that it has authority to act for its members in any joint or concerted action, is not itself engaged in retail liquor business, has no property rights that will be affected by it, and cannot appear here as plaintiff in a class suit. Appellants, on the other hand, say

this is a class suit; that the association is representative of a class which, because of its numerous members, cannot be adequately otherwise represented.

*Mandamus* is a law action in which representative suits are unknown. The interest of the party suing must be sufficient of itself without reference to the rights of others, or in case of an association or corporation, of its individual members. The association not itself being engaged in business, can scarcely be said to be an interested party entitled to the issuance of a writ of *mandamus*. So far as Quinlan is concerned, he alleges that he is a citizen and taxpayer and interested in the proper enforcement of the rights asserted, which, he alleges, are public rights. It will be seen that the ordinance here sought to be enforced, and the statutes controlling it, arise out of the police power of the State to control the liquor traffic. Where the object is the enforcement of a public right, the people are regarded as the real party, and the relator need not show that he has any legal interest in the result. It is enough that he is interested as a citizen in having the laws properly executed. *People ex rel. Cermak* v. *Emmerson,* 323 Ill. 561; *People ex rel. Faulkner* v. *Harris,* 203 id. 272; *County of Pike* v. *People ex rel. Metz,* 11 id. 202.

It is apparent from the record that the license issued to Ada Shiffman has expired by its terms and that a portion of the relief sought is now moot. *Mandamus* will not issue to compel the doing of a useless act or one which will prove unavailing. The court will not decide questions which no longer exist merely to establish a precedent or settle a question of costs. (*People ex rel. Chancellor* v. *Sweitzer,* 329 Ill. 380.) Appellants argue, however, that the allegations of the complaint set forth that defendants have issued other liquor licenses in violation of ordinance 147-8 and are continuing to issue such licenses in violation thereof, and that these averments are a sufficient basis for the relief sought and to compel the cancellation of all other

licenses issued in violation of that ordinance and to cease issuing licenses in violation thereof. The complaint, however, contains no specific averments touching any other license issued. No other license is referred to and no other facts are alleged as to the intent and purpose of the defendants. *Mandamus* will not lie where to issue the writ would put into the hands of the court the control and regulation of the general course of official conduct or enforce the performance of official duties generally. (*Boerner* v. *Thompson,* 278 Ill. 153; *People ex rel. Bartlett* v. *Dunne,* 219 id. 346.) Such would be the effect of granting the relief here sought.

Appellants argue, however, that this court in *Great Atlantic and Pacific Tea Co.* v. *Mayor of Danville,* 367 Ill. 310, upheld an ordinance practically the same as ordinance 147-8. The petitioner in that case sought a writ of *mandamus* against the mayor and the city commissioners of Danville to issue a license for the sale of malt beverages. It was an attempt to compel the issuance of a license notwithstanding an ordinance which forbade it. The remedy sought by the relator was specific. No attempt was made to control in general the action of the officials of the city. The fact that the ordinance there considered was similar to the one involved here, and that it was there held to be a valid ordinance, is not of importance in this case for two reasons, first, the ordinance is superseded by the amendment to the Liquor Control Act hereinbefore referred to, which, if valid, prevents this remedy, and second, whether the act be valid or not, appellants have not, for the reasons above stated, shown a clear right to the writ, and it is unnecessary to consider the validity of the act of July 11, 1941, amending the Liquor Control Act.

As was held by this court in *People ex rel. Rude* v. *County of LaSalle,* 378 Ill. 578, and cases there cited, *mandamus* is not a proper remedy where the right of the petitioner must first be established or the duty of the officer

sought to be coerced must first be determined. Here there is an amendatory act which, if valid, supersedes the ordinance relied upon, and before appellants would be entitled to a writ of *mandamus*, it must be made to appear that the duty resting upon the defendants was clear.

The judgment of the circuit court is right and is affirmed.

*Judgment affirmed.*