LESLIE J. SMITH, Plaintiff-Appellant, *v.* THE TOWN OF PROVISO *et al.*, Defendants-Appellees—(THE TOWN OF NORTHFIELD, Intervenor-Appellee.)

(No. 56872; ▮▮▮▮▮▮▮▮▮▮)

First District (5th Division)—July 27, 1973.

Mitchell J. Overgaard, of Chicago, for appellant.

Francis A. Fanelli and Donald Hamilton, both of Melrose Park, for appellee the Town of Proviso.

Samuel H. Young and John D. Cummins, both of Chicago, for intervenor-appellee the Town of Northfield.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff Leslie J. Smith, an elector and taxpayer in Proviso Township in his own behalf and on behalf of other such electors and taxpayers, filed suit against the Town of Proviso, the Town Supervisor, the Town Clerk,

the members of the Board of Town Auditors, and the County Clerk, questioning the constitutionality of the township form of government and the conduct of a special Proviso town meeting. Upon motion of an intervenor, Town of Northfield, plaintiff's first amended complaint, which replaced his original complaint, was dismissed for the legal insufficiency of plaintiff's attack on the constitutionality of section 77 of the Township Organization Act relating to voting *viva voce* or by standing to be counted. (Ill. Rev. Stat. 1969, ch. 139, sec. 77.) Subsequently, on motion of defendants, except the County Clerk who answered, plaintiff's second amended complaint and an amendment thereto were dismissed. Plaintiff appeals from both orders dismissing his complaints.

On appeal, plaintiff contends: (1) that town meetings are unconstitutional because they are "no longer a practical means of governing densely populated townships," (2) that the town meeting form of government violates the "one man-one vote" rule, (3) that section 77 of the Township Organization Act relating to voting *viva voce* or by standing to be counted violates the provision of the Ilinois Constitution of 1870 regarding the use of the secret ballot, and (4) that he stated a cause of action in his second amended complaint based upon *Thompson v. Conti* (1968), 39 Ill. 2d 160, 233 N.E.2d 351.

The second amended complaint (hereinafter "the complaint") alleges that the Town of Proviso is an urban township with a large population located in western Cook County and has numerous municipalities within its boundaries which provide services to the inhabitants. On April 14, 1970, the annual town meeting was held at the field house of Proviso East High School for the purpose of examining the budget, appropriations, and tax levies for (1) the road and bridge fund, (2) the town fund, (3) the general assistance fund, and (4) the mental health fund for the fiscal year beginning March 31, 1970. The township electors voted down the budget, appropriations, and levies for all such funds except the mental health fund. Upon realizing that no funds would be available to pay their salaries, defendants had a special town meeting called for the purpose of re-examining the budget, appropriations, and levies for the funds which had been voted down. This special meeting was held at 8:00 P.M. on June 12, 1970, at the Proviso West High School gymnasium and resulted in passage of the budgets, appropriations, and levies for the three funds which had previously been disapproved. Although the budgets for each fund were more specific, a lump sum was appropriated for each fund.

The complaint alleged that defendants: (1) convinced various municipal leaders to announce their support for approval of the disputed budgets and to require their employees to attend the special town meeting,

(2) had their mental health commissioners send a letter to the parents of mentally retarded children urging them to support approval of the disputed funds, (3) set up tables outside the meeting room and prepared voter affidavit forms to be filled out by electors prior to entry to the meeting room, (4) equipped the public address system with a cut-off switch to maintain order, (5) had police officers attend the meeting, (6) appointed election judges, eleven days in advance of the meeting, to count the votes of electors who voted for and against the proposals raised during the meeting, and (7) determined to select a moderator favorable to their views. The voter affidavits required prospective participants in the town meeting to state their names and addresses, to state whether they were American citizens over the age of twenty-one who had resided in Illinois for one year, in the county for ninety days, and in the district for thirty days, and also to state whether they were registered voters. Upon completing the form the electors were given an American flag lapel pin to indicate their qualification for voting. The complaint does not allege that any qualified electors were denied entry to the meeting room. In the meeting room, voting was done by the electors standing to be counted by election judges who used no voter binder or poll sheet. According to the complaint, 462 more people voted on the adoption of the budgets than had signed voter affidavits. Furthermore, the complaint alleged that a moderator selected by defendants conducted the meeting with bias and used the cut-off switch and the police occasionally to keep order. The complaint further alleged that only about 2% of the electors of the township attended the meeting and that no facilities within the township could accommodate all the electors of the township.

Each count focused on different aspects of the above stated facts. Count I alleged that defendants' actions were taken pursuant to a conspiracy to violate the constitutional rights of the other electors. Count II, which was not argued on appeal, related to the constitutionality of lump sum appropriations. Count III challenged the constitutionality of township government based upon the lack of a sufficiently large meeting room within the township, the lack of an accurate method of tallying votes, and the inability to determine who were qualified electors. Each count sought to enjoin defendants' use of the proceeds received from the sale of tax anticipation warrants and sought declaratory relief.

OPINION.

Plaintiff first contends that town meetings are unconstitutional because they are "no longer a practical means of governing densely populated townships." The town meeting form of government provides for direct participation by electors in local government. It has a long tradition of

use in the United States. Provision for its use in Illinois is made both in the Constitution of 1870 (article 10, section 5) and in the Constitution of 1970 (article 7, section 5). Both sections permit the legislature to provide methods for the discontinuance of township government which the legislature has done. (Ill. Rev. Stat. 1969, ch. 139, secs. 20-24.) Prior to recent revisions and subsequent to the occurrences in this case, the taxing authority of the township was vested in the township electors assembled at an annual town meeting. (Ill. Rev. Stat. 1969, ch. 139, sec. 39.03.) Now, that authority is vested in the Board of Town Auditors. Ill. Rev. Stat. 1971, ch. 139, sec. 126.3.

According to the statute, annual town meetings are to be held on the second Tuesday of April of each year (Ill. Rev. Stat. 1969, ch. 139, sec. 50) at 2:00 P.M. unless otherwise provided. (Ill. Rev. Stat. 1969, ch. 139, sec. 73.) Special town meetings may also be held (Ill. Rev. Stat. 1969, ch. 139, sec. 56), although the subjects of the meeting are limited to those listed in the notice of the meeting. (Ill. Rev. Stat. 1969, ch. 139, sec. 56.) In most other particulars special meetings are similar to annual meetings. (See Ill. Rev. Stat. 1969, ch. 139, sec. 59.12.) Town meetings must be held at "some convenient place in the town" fixed by the Board of Town Auditors. Ill. Rev. Stat. 1969, ch. 139, sec. 53.

Town meetings are called to order by the town clerk or a chairman selected by the electors (Ill. Rev. Stat. 1969, ch. 139, sec. 73) who subsequently acts as clerk of the meeting. (Ill. Rev. Stat. 1969, ch. 139, sec. 74.) The statute specifically provides that:

"The chairman shall, if there are electors desiring admittance to the meeting who cannot be admitted because of the size of the meeting hall, recess the .meeting forthwith to a time as soon as practicable and to a place sufficiently large to accommodate at least the number of electors present at that time within the meeting hall and those outside of the meeting hall desiring to be admitted." Ill. Rev. Stat. 1969, ch. 139, sec. 73.

The first matter of business to be considered at the town meeting is the selection of a moderator.

The conduct of town meetings is the responsibility of a moderator selected by the electors. He is required to swear to perform the duties of his office "faithfully and impartially." The statute further provides that:

"The moderator * * * shall preside [at town meetings], make announcement of the business before the meeting, preserve order, and decide all questions of order. He shall have the same power and be subject to the same penalties, in connection with his con-

duct as such moderator, as judges of election under the provisions of the general election laws of this state." Ill. Rev. Stat. 1969, ch. 139, sec. 73.

In case of disorder, the moderator may have the police eject disorderly persons. (Ill. Rev. Stat. 1969, ch. 139, sec. 80.) The moderator also announces when the business of the meeting is concluded, but his decision is subject to review by the electors who may under certain circumstances reconsider matters previously disposed of. Ill. Rev. Stat. 1969, ch. 139, sec. 79.

■■ In order to participate in a town meeting a person must "be a qualified elector of such town." (Ill. Rev. Stat. 1969, ch. 139, sec. 81.) No cases yet construe this section. Furthermore, according to the statute:

"All questions upon motions made at town meetings shall be determined by a majority of the electors present and voting, and the moderator shall ascertain and declare the result of the vote upon each question.

When the result of any vote shall, upon such declaration, be questioned by one or more of the electors present, the moderator shall make the vote certain by causing the voters to rise and be counted, or by a division of the voters." Ill. Rev. Stat. 1969, ch. 139, sec. 77.

Section 79 of the statute mentions the use of a poll list. Although township government may lack efficiency, we do not believe it is unconstitutional because plaintiff believes it to be impractical.

Plaintiff next contends that the town meeting form of government violates the "one-man-one-vote" rule. Although plaintiff concedes that the instant case does not involve questions of the inequality in population of voting units, he asserts that holding the township form of government unconstitutional is but "a logical extension" of the principles of law expressed in the "one-man-one-vote line of U.S. Supreme Court cases beginning with *Baker v. Carr* (1962), 369 U.S. 186, and including *Kramer v. Union Free School District* (1969), 395 U.S. 621, which are based upon the equal protection clause in the federal Constitution. Plaintiff alleges three particular grounds for his challenge of the statute regarding township government: (1) the lack of a sufficiently large meeting room, (2) the lack of an accurate method of tallying votes, and (3) the inability to determine who are qualified electors.

■■ Plaintiff's first ground for challenging the statute relates to the alleged lack of a sufficiently large meeting room. It is clear that section 73 of the statute, previously quoted, makes provision for what must be done if the number of electors attending the meeting exceeds the location's capacity. Furthermore, nothing in the statute precludes holding a town meeting out of doors in a public park for example. Particularly

when the complaint is based on hypothetical grounds since it fails to allege that any qualified elector was excluded from the meeting, we do not believe the lack of a sufficiently large building within the township to house all resident electors if they were to attend makes the statutes unconstitutional.

■■ Plaintiff's second ground for challenging the statute relates to the alleged lack of an accurate method of tallying votes. Section 77 of the statute, previously quoted, places on the moderator the responsibility for tallying votes at town meetings. Regardless of the number of electors present at the meeting, as long as the moderator counts the votes "faithfully and impartially" as he is required to do by statute (Ill. Rev. Stat. 1969, ch. 139, sec. 73.), we do not believe the statute violates the Constitution. Furthermore, if adequate safeguards are provided, we see no reason why the moderator may not delegate the task of counting votes to assistants so as to expedite the proceedings.

■■ Plaintiff's third ground for challenging the statute relates to the inability to determine who are qualified electors. Plaintiff points out that the statute fails to provide a method for insuring that only qualified electors may participate in a town meeting and fails to specifically authorize any town officials to determine such a method. Plaintiff argues that since the Open Meeting Law (Ill. Rev. Stat. 1969, ch. 102, secs. 41—44), applies to town meetings, unauthorized persons may be permitted to attend the town meeting and might be permitted to cast improper votes. Although voting irregularity is a serious matter, the omission of specific provisions for preventing such irregularities in the statute regarding townships does not render that statute unconstitutional. Since section 81 of the statute does provide that only qualified electors may participate in a town meeting, we believe that the Board of Town Auditors, as a ministerial function, may legitimately establish, prior to the meeting, a method for insuring that only qualified persons participate in the town meeting if it is executed in a manner consistent with the guarantee of free and equal elections. Furthermore, while we believe plaintiff is correct in stating that at the time of the instant special meeting an elector need not have been a registered voter, the complaint does not allege that any qualified electors were turned away on this account. Now, the qualifications of electors must be considered in the light of *Dunn v. Blumstein* (1972), 405 U.S. 330, and other developments in the area. The case plaintiff cites regarding this point, *People ex rel. Jordan Co. v. Forest View* (1961), 21 Ill.2d 384, 172 N.E.2d 780, does not relate to township government, is certainly not consistent with the *Dunn* case, and even if it were applicable would not render the statute unconstitutional. Also, as long as all qualified electors have an equal opportunity

to attend the town meeting and to vote, we do not believe the amount of time which might be required for balloting is constitutionally significant.

■■ On the basis of these arguments, we cannot hold that the statute regarding township government dilutes the vote of any bona fide elector who wishes to exercise his franchise. A town meeting resembles a legislative body rather than an election. (See *In re Contested Election* (1970), 47 Ill.2d 81, 264 N.E.2d 129, regarding the inapplicability of the "one-man-one-vote" rule to decision-making elections.) The unique nature of the town meeting must also be considered. Therefore, we need not extend the "one-man-one-vote" rule in this case.

■■ Plaintiff also contends that section 77 of the Township Organization Act, quoted previously, violates the provision of the Illinois Constitution of 1870 requiring voting to be by ballot. The statute regarding townships does require voting to be done *viva voce* and, in case of challenges regarding the result, to be done by having the electors divide or by having them stand to be counted. Assuming that the ballot referred to in the Constitution of 1870 only means a secret ballot, the unique nature of the town meeting, its long tradition of use even preceding the Constitution of 1870, and its mention in that document itself, precludes us from holding the town meeting unconstitutional. Voting *viva voce* or standing to be counted is not necessarily inappropriate in all situations.

■■ Plaintiff lastly contends that he established a cause of action against defendants for conspiracy to violate the constitutional rights of various electors based upon *Thompson v. Conti* (1968), 39 Ill.2d 160, 233 N.E. 2d 351. The facts in *Thompson* were considerably more severe than those alleged by plaintiff in the instant case. Here, no bona fide electors were alleged to have been excluded from the meeting hall or specifically prevented from voting. Here plaintiff and others merely disagree with the result and conduct of the meeting. However, the allegations in the complaint regarding rather large discrepancies in the counting of the votes and regarding alleged attempts to stifle free discussion do concern us greatly and might ordinarily justify requiring defendants to answer. Such an answer, of course, might reflect the fact that the various actions were taken pursuant to legitimate statutory authority of maintaining an orderly meeting. Nonetheless, in the instant case plaintiff failed to join the moderator as a defendant in the suit. The moderator is the person charged with faithfully and impartially conducting the town meeting. Since the moderator's active participation in any conspiracy would be required, the moderator's presence in the action is essential. Furthermore, statutory revisions have vested the subject matter of the instant special

meeting in the Board of Town Auditors rather than the town electors which renders the whole matter somewhat moot.

■■ While it is clear that plaintiff wants the courts to do away with the township form of government, he overlooks the fact that the law provides a method for achieving that end. The former Constitution of 1870 and the statute each provided such a method and the present Constitution of 1970 (article 7, section 5) specifies that resident electors of any particular township may vote to abolish that form of government within their locality.

For the above reasons, the judgments of the circuit court of Cook County are affirmed.

Affirmed.

DRUCKER, P. J., and ENGLISH, J., concur. .