THE VILLAGE OF ELMWOOD PARK, Plaintiff-Appellant, *v.* THE FOREST PRESERVE OF COOK COUNTY, Defendant-Appellee.

(No. 59560;

First District (4th Division)—July 24, 1974.

James E. Brown, of Chicago (Benjamin B. Crane and Robert E. Adamowski, of counsel), for appellant.

Roger J. Kiley, Jr., Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

The Village of Elmwood Park brought an action for declaratory judgment in the Circuit Court of Cook County seeking an order directed to the Forest Preserve District of Cook County that would permit plaintiff to develop at plaintiff's expense certain land owned by defendant, but within the municipal boundaries, as a baseball field. The complaint, later amended, was dismissed by the trial court on defendant's motion. Plaintiff appeals this order of dismissal, contending that the trial court erred in dismissing the amended complaint. Plaintiff claims that a "meritorious cause of action" had been established.

The factual background and basis for the original action and this appeal can best be understood by a reading of the following relevant portions of the amended complaint:

"The defendant district has incorporated into its geographic boundaries that portion of the plaintiff village located west and south of the Des Plaines River and north of North Avenue. * * *

The area in question is open prairie of no historical, botanical or natural significance. It is essentially susceptible for recreational purposes. * * *

The village, as part of its municipal responsibility, furnishes open areas in the village for recreational purposes and encourages organized groups of its residents to participate in athletic programs in the village.

In accordance with that program, the plaintiff village filed for a formal request with the defendant district for permission to develop that portion of the district whose land is common to both the village and the district for use as a ballfield under village auspices.

Notwithstanding the offer of the village to undertake to pay for the improvement of the land for those purposes and notwithstanding the fact that the district holds the land 'for the purpose of the education, pleasure and recreation of the public.' (Ill. Rev. Stat. 1973, Ch. 57½, Par. 5). The corporate authority of the district has refused to recognize the legitimate desires of the inhabitants of

Cook County in the land in question and has refused the offer of the plaintiff village to use its resources, legal, physical and financial, to develop this land for recreational purposes.

That the refusal of the district is arbitrary and capricious. It is a refusal to carry out its public responsibilities for the purposes for which this land was acquired. It is violative of the constitutional intent of maximum cooperation between municipalities and units of local government for the maximum use of public assets. (Const., 1970, Article 7, Pars. 6 and 10) The refusal of the district is both negative in leaving the land lie unused for the purposes for which it was taken and is a refusal to cooperate in the use of the resources of the plaintiff village to develop the land for its maximum use for public purposes.

WHEREFORE, plaintiff prays that this court enter an order declaring the application of the constitutional cooperation to be applicable to these circumstances and to order the parties plaintiff and defendant together with any other public bodies to cooperate for the development of this land for recreational purposes for the benefits of all the inhabitants of Cook County and for this court to retain jurisdiction of this matter in order to resolve any dispute which arises based upon the recalcitrance of any party to refuse to cooperate within the constitutional mandate."

■■ Plaintiff seeks to gain what amounts to effective control over the property held by defendant. If the land was in private hands plaintiff could acquire the land through condemnation. However, where the land is already held by another public body the power of eminent domain may not be exercised unless the legislature has explicitly provided for such procedure. (*Medical Center Commission v. Powell,* 124 Ill.App.2d 123, 130-1, 260 N.E.2d 261, citing *Department of Public Works and Buildings v. Ells,* 23 Ill.2d 619, 179 N.E.2d 679, and *City of Edwardsville v. County of Madison,* 251 Ill. 265, 96 N.E. 238.) This bar is not disputed by plaintiff, but the same end is sought through plaintiff's interpretation of the "Intergovernmental Cooperation" provision of the Illinois Constitution of 1970 when it is said that defendant is "required" to allow the construction of a baseball field on the property.

Section 10(a) of article VII, the specific section relied upon by plaintiff, provides that:

"Units of local government and school districts, *may* contract or otherwise associate among themselves, with the State, with other states and their units of local government and school districts, and with the United States to obtain or share services and to exercise, combine, or transfer any power or function, in any manner not

prohibited by law or by ordinance. Units of local government and school districts *may* contract and otherwise associate with individuals, associations, and corporations in any manner not prohibited by law or by ordinance. Participating units of government *may* use their credit, revenues, and other resources to pay costs and to service debt related to intergovernmental activities." (Ill. Const., art. VII, sec. 10(a).) (Emphasis added.)

Plaintiff submits that since defendant holds the land for the purpose of the education, pleasure and recreation of the public, that the above provision does not vest defendant with absolute discretion whether or not to cooperate with other governmental bodies but that the courts may order such cooperation under this factual situation. We find this argument to be without merit.

■■ Plaintiff asks that the word "may" in section 10(a) "* * * be construed as equivalent to *shall* or *must* in cases where the sense of the entire enactment requires it; * * * or where it is necessary in order to carry out the intention of the legislature; * * * or where it is necessary for the preservation or enforcement of the rights and interests of the public or third persons." (2 Bouvier's Law Dictionary 2168 (8th ed. 1914).) On the basis of this construction, the meaning of this provision is characterized as "doubtful" and plaintiff states that it is a well-established rule of law that to give the intended effect to such a provision we should consult the debates of the constitutional convention at which the provision was drawn. *People ex rel. Keenan v. McGuane*, 13 Ill.2d 520, 150 N.E.2d 168.

■■ It is also a well-established principle of law that "[w]ords used in the constitution are to be taken in their ordinary acceptance." (*Locust Grove Cemetery Ass'n v. Rose*, 16 Ill.2d 132, 139, 156 N.E.2d 577, citing *International College of Surgeons v. Brenza*, 8 Ill.2d 141, 133 N.E.2d 269, and *People ex rel. McCullough v. Deutsche Evangelisch Lutherische Jehovah Gemeinde Ungeaenderter Augsburgischer Confession*, 249 Ill. 132, 94 N.E. 162.) We see no need to indulge in such a strained construction as plaintiff urges upon this court and therefore read "may," as used in section 10(a), in its accepted sense as allowing intergovernmental cooperation in certain circumstances rather than compelling it. Notwithstanding this construction, we have examined the background of this provision and find that it was the clear intent of the drafters that such cooperation not be made obligatory. "Intergovernmental cooperation is the voluntary participation of units of local government in joint undertakings." (7 Report of Proceedings, Sixth Illinois Constitutional Convention 1749-52.) The explanation of the background and purpose of what was later to become section 10(a) uses phrases such as "will permit"

(p. 1747) or "will allow" (p. 1748-9) when referring to these "multi-unit endeavors." There is no support for plaintiff's construction of the provision. This section was intended to encourage rather than enforce cooperation and further to remove "* * * the necessity under Dillon's Rule of obtaining statutory authorization for each cooperative venture by a unit of local government or a school district." Constitutional Commentary, S.H.A., Const. art. VII, sec. 10. See also commentary to subsection 6(a) of article VII.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and JOHNSON, JJ., concur.