CLIFTON HILL *et al.*, Plaintiffs-Appellants and Cross-Appellees, *v.*
MAURICE BUTLER *et al.*, Defendants-Appellees and Cross-Appellants.

Fourth District    No. 17516

Opinion filed July 12, 1982.

John L. Swartz, of Giffin, Winning, Lindner, Newkirk, Cohen & Bodewes, P. C., of Springfield, for appellants.

William E. Feurer, of William E. Feurer, Ltd., of Springfield, for appellees.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs appeal from an order of the circuit court of Sangamon County dismissing their amended complaint for *mandamus* to compel defendants, the board of managers of Chatham Township, to hold a referendum pursuant to section 15 of "An Act in relation to township community buildings" (Ill. Rev. Stat. 1981, ch. 139, par. 160d2).

The trial court's written order found that the Community Building was operated and managed by the board of managers pursuant to the Act and that the provisions of the Act, as amended, were fully applicable to the defendant board of managers, and that "amendments to said Act subsequent to the acquisition of the community building in question bind and are effective against the said Defendants." The court found, however, that in adopting the provisions of section 15 of the Act, the General Assembly "[d]id not intend to permit a municipality to take property by the use of a petition as was filed in this matter." In colloquy, the trial judge spoke of the procedure as a form of eminent domain by one municipality against another.

Defendants have cross-appealed from that portion of the trial court order which found that section 15 had been adopted by them within the meaning of the statute. We reverse the order of the trial court granting defendants' motion to dismiss and remand for further proceedings.

Plaintiffs were among the more than 50 persons to sign petitions calling on the board of managers of Chatham Township to hold an election on the question of the sale to the village of Chatham of the Chatham Township community building for the sum of $10. The complaint alleged that petitions calling on the board of managers to hold a referendum had been duly presented to the board; that the township had adopted the provisions of section 15 of the Act; that section 15 mandates the certification of the question by the board at the next general election on the

terms set forth in the petitions, and that defendants had refused to certify the same as required by law.

Defendants, both in their motion to dismiss at trial and on appeal, have argued (1) that plaintiffs lack standing to enforce section 15, (2) that section 15 does not allow for a process of voter initiative, (3) that section 15 has not been adopted by them, (4) that the petitions were not presented in accordance with law, and (5) that the statute cannot apply to a building constructed before its enactment. Additionally, defendants argue that the statute does not allow property to be taken in the manner plaintiffs have attempted.

■■ Though the statute at issue has been in existence for 27 years, its interpretation and the question presented have not been previously considered by the reviewing courts of this State. Further, no legislative history is available as guidance to this court. We must, in all cases of this nature begin with the language of the statute, giving it its plain and ordinary meaning. *City of East Peoria v. Group Five Development Co.* (1981), 87 Ill. 2d 42, 429 N.E.2d 492.

Section 15 provides in part:

> "Whenever a petition signed by not less than 50 electors of a town *which has adopted the provisions of this Act*, is presented to the Clerk of the Board of Managers requesting the sale of a community building, or site with a community building thereon to a school district or other municipality, which petition shall set forth the school district or municipality to which the proposed sale shall be made, the sale price and the township fund to which the proceeds of such sale be transferred, *the Board of Managers shall certify that proposition to the proper election officials*, who shall submit such proposition at an election in accordance with the general election law to decide whether or not the property shall be sold; and if a majority of the voters voting upon the proposition is in favor of the sale, then the Board of Managers, upon receipt of the purchase price, shall convey the property to such school district or other municipality." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 139, par. 160d2.

■■ ■ First, we address the standing of the individual plaintiffs to maintain the present action for *mandamus*. In plaintiffs' complaint it is alleged that each individual plaintiff is now, and has at all times been, a resident and qualified elector of Chatham Township, Sangamon County. It is clear that by virtue of defendants' motion to dismiss, this well-pleaded fact in plaintiffs' complaint stands as admitted. (*Brooks v. Village of Wilmette* (1979), 72 Ill. App. 3d 753, 391 N.E.2d 133.) Defendants' motion to dismiss also pointed out that plaintiffs, while electors of Chatham Township, were trustees of the Village of Chatham. Though

defendants' motion to dismiss is not designated as a motion pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619; formerly ch. 110, par. 48), we will treat it as such on this point and consider the additional matter raised by them. *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 325 N.E.2d 799.

■■ The concept of standing to bring suit requires that parties before the court seeking relief have a sufficiently protectable interest pursuant to statute or common law which is alleged to be injured. Thus, courts are to decide only specific controversies and not moot or abstract questions. (*Lynch v. Devine* (1977), 45 Ill. App. 3d 743, 359 N.E.2d 1137; *Retail Liquor Dealers Protective Association v. Schreiber* (1943), 382 Ill. 454, 47 N.E.2d 462.) In the context of standing to seek the relief of *mandamus*, our supreme court has stated:

> "Where the object is the enforcement of a public right, the people are regarded as the real party, and the relator need not show that he has any legal interest in the result. It is enough that he is interested as a citizen in having the laws properly executed." *Retail Liquor Dealers Protective Association v. Schreiber* (1943), 382 Ill. 454, 459, 47 N.E.2d 462, 464.

■■ We conclude that the individual plaintiffs are precisely of the class to whom the right of petition is given pursuant to section 15, and that their interests in having the defendants comply with section 15 is sufficient to confer them with standing. The fact that they also have other capacities is irrelevant. They have demonstrated their right to petition for referendum under the statute and have alleged the denial by defendants in derogation of this right. This we conclude to be sufficient.

■■ The Village of Chatham we believe does not have standing. Under section 15, the proposed transferee, in this case, the village, has no right to purchase the property until after the question has been duly presented and passed by the voters of the township. Thus, any interest the municipality has is contingent on the success of the referendum, and any relief in the instant case would have no effect on any present right or duty of the village.

Defendants next argue against and have cross-appealed from that portion of the order which found that the township had adopted the Act within the meaning of section 15. The method of adopting the provisions of the Act is not specified by statute, nor is the word defined therein. Nevertheless, we believe defendants' actions to indicate adoption within the meaning of section 15.

■■ Section 1 of article VII of the 1970 Illinois Constitution classifies a township as a unit of local government. (Ill. Const. 1970, art. VII, sec. 1.) Pursuant to section 8 of this article, townships "* * * have only powers granted by law." Any action taken by defendants to acquire, sell, or use

the community building is thus a matter of a legislative prerogative. It is alleged by plaintiffs that defendants were elected (Ill. Rev. Stat. 1981, ch. 139, par. 154), levied a maintenance tax (Ill. Rev. Stat. 1981, ch. 139, par. 158), submitted annual reports (Ill. Rev. Stat. 1981, ch. 139, par. 160b), and regulated the use of the community building as provided by the various sections of "An Act in relation to township community buildings" (Ill. Rev. Stat. 1981, ch. 139, par. 152 *et seq.*). Absent these various statutory provisions, the actions taken by the Township would have been of no effect. These several actions indicate an intention to be bound by and subject to the legislative conditions imposed thereunder governing the holding, acquisition and disposition of township community buildings. Once the defendants held the township property pursuant to statute, elected a governing board, and levied a maintenance tax for it, we conclude that they had adopted the Act within the meaning of the statute.

Defendants have also urged in their motion to dismiss, and on appeal that section 15 cannot be applied to the board of managers since to make a statute retroactive, the legislation must expressly so provide. (*People v. Deatherage* (1948), 401 Ill. 25, 81 N.E.2d 581.) The defendants argue that since the building was constructed in 1933, but the amendment passed in 1955, it cannot be applied to the present board of managers.

■■ It is certainly a correct proposition of law that a statute affecting substantive rights will not be applied retroactively unless expressly so provided (see *United States Steel Credit Union v. Knight* (1965), 32 Ill. 2d 138, 204 N.E.2d 4; *Wilson-Raymond Constructors Co. v. Industrial Com.* (1980), 79 Ill. 2d 45, 402 N.E.2d 584). Nonetheless, it is difficult to ascertain what retroactive effect section 15 has. It does not affect transactions prior to 1955, but allows a referendum following its effective date. Had the statute allowed a referendum or petition prior to 1955 to have been effective to force the issue of a sale upon the electors of the township, then an issue of retroactivity would be present. Moreover, whether the statute applied retroactively or not, we believe defendants are in no position, as a statutorily created body, to claim any vested rights to hold property which the General Assembly has given the electors the power to sell. Their right to hold and deal with the property is a matter of legislative determination and no vested right can exist as against the General Assembly. *City of Geneseo v. Illinois Northern Utilities Co.* (1936), 363 Ill. 89, 1 N.E.2d 392.

The defendants next contend that the word "sale," as ordinarily defined, requires a bargained transaction between two willing parties for consideration. Defendants thus suggest that the statute does not allow for a process of voter initiative, but only a process to ratify contracts previously entered into between the board of managers and an eligible purchaser. ·

■■ ■ It is plainly required that the legislative intent is primarily to be derived from a consideration of the language used therein. No rule of construction authorizes a court to decide that the legislature did not mean what the plain language imports. (*People ex rel. Scott v. Schwulst Building Center, Inc.* (1982), 89 Ill. 2d 365, 432 N.E.2d 855.) The statute is clear in providing a process of voter initiative. It plainly says that whenever a petition signed by not less than 50 electors of the town is presented to the clerk of the board of managers requesting the sale of a community building, the board of managers shall certify the question to election officials to be placed on the ballot in accordance with general election law. It is difficult to imagine a more clear expression of legislative intent. Moreover, the fundamental basis of township government is the right of citizens to participate directly in the government and business of the township. (Ill. Rev. Stat. 1981, ch. 139, par. 39; *Smith v. Town of Proviso* (1973), 13 Ill. App. 3d 519, 301 N.E.2d 145.) To interpret the word "sale" as defendants suggest would usurp the right of the electors of the township to provide for the disposition of property owned by the township, a power already granted to the electors by virtue of section 3.01 of article IV of "An Act to revise the law in relation to township organization" (Ill. Rev. Stat. 1981, ch. 139, par. 39.01).

Defendants next contend that *mandamus* will not issue to compel the performance of an illegal act, or when disorder and confusion will necessarily follow. They suggest that to require them to convey the land and building for $10 would amount to consideration so inadequate as to shock the conscience and render the transaction illegal. The confusion they contend will be precipitated by the issuance of the writ is the effect of this decision on the rights of bond holders, though they admit that the building at issue has no outstanding bonded indebtedness.

■■ *Mandamus* is a summary writ issued from a court of competent jurisdiction which commands an officer to perform some duty the law requires. (*People ex rel. Donnelly v. McHenry County Sheriff's Department Merit Com.* (1980), 83 Ill. App. 3d 957, 404 N.E.2d 1033.) The issuance of the writ is not a right but is subject to judicial discretion. When a writ will operate to create disorder or confusion and not to promote substantial justice, then its issuance may be denied. (*People ex rel. Harrison v. Kelly* (1945), 391 Ill. 136, 62 N.E.2d 705.) It will not, as defendants point out, issue for the performance of an illegal act. *People ex rel. Cannella v. City of Chicago* (1955), 7 Ill. 2d 416, 131 N.E.2d 98.

■■ ■ At bar, the defendants contend the award of a writ in this case would result in confusion and disorder, but the alleged confusion and disorder they point to does not exist; it is only hypothetical. The trial court did not deny the writ on this ground, and we believe this not an adequate reason for its refusal. As for the contention that the contract would be

illegal, the cases defendants have called to our attention (*Smith v. Smith* (1930), 340 Ill. 34, 172 N.E. 32; *Bonner v. Westbound Records, Inc.* (1979), 76 Ill. App. 3d 736, 394 N.E.2d 1303) do not so hold. While inadequate consideration may be a defense to an action on a contract, the fact that parties bargain for minimal or even shocking consideration does not render the agreement illegal. Moreover, the issuance of the writ in this case does not compel the performance of an illegal act, but compels exactly that which the statute requires, *i.e.*, the submission of the question to the voters.

In plaintiffs' amended complaint for *mandamus*, it was alleged that the petitions were delivered to the clerk of the board of managers as required by section 15 of the Act. Attached to defendants' motion to dismiss, however, was an affidavit by the clerk of the board of managers which averred that the petitions had not been presented to him by plaintiffs, persons signing the petitions, or agents of either. The affidavit further stated that the petitions had been examined by the clerk of the board of managers.

When defendants filed their motion to dismiss, they failed to specify whether it was a motion under section 2—619 (Ill. Rev. Stat. 1981, ch. 110, par. 2—619; formerly ch. 110, par. 48) or a section 2—615 motion (Ill. Rev. Stat. 1981, ch. 110, par. 2—615; formerly ch. 110, par. 45). The motion was granted principally on the theory that plaintiffs had no cause of action under the statute. Defendants' challenge to plaintiffs' factual allegations necessary to state a cause of action is not premised on any basis provided for in section 2—619, but instead seeks dismissal for plaintiffs' failure to plead a fact which defendants contend is necessary for a cause of action under section 15.

Treating it as a section 2—615 motion, since its principal purpose is to challenge the legal sufficiency of plaintiffs' complaint, the affidavits cannot properly have been considered. (*Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 325 N.E.2d 799; *Michigan Avenue National Bank v. State Farm Insurance Cos.* (1980), 83 Ill. App. 3d 507, 404 N.E.2d 426.) A motion made pursuant to section 2—619 is limited to one of the nine grounds which bars relief as stated therein. Defendants' affidavit does not raise any of those grounds, but seeks to deny the factual allegations of plaintiffs' complaint. Such a motion is not properly viewed as a section 2—619 motion. Because of this, the allegation of proper delivery stands admitted for purposes of defendants' motion, and we need not address what effect the matters raised in defendants' affidavit would have on plaintiffs' cause of action. The statute merely requires presentment to the clerk of the board of managers, and plaintiffs have alleged that such requirement has been performed. No other duty is imposed by statute and no other requirement need be inferred.

Finally, defendants, citing *Village of Elmwood Park v. Forest Pre-*

*serve* (1974), 21 Ill. App. 3d 597, 316 N.E.2d 140, argue that property devoted to a public use may not be condemned for a further public use absent explicit legislative authorization. *Village of Elmwood Park* so held, in the context of a municipality seeking to take land of a forest preserve district to use for recreational activities.

At bar, and contrary to defendants' assertion, there is no taking by the village of Chatham. Whether the village will ultimately be offered the building for sale as specified is an issue to be decided by the township electorate, and not by the village of Chatham.

For the foregoing reasons, the order of the trial court granting defendants' motion to dismiss plaintiffs' complaint for *mandamus* is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion. The order insofar as it dismissed the suit of the village of Chatham is affirmed.

Affirmed in part, and reversed in part and remanded.

GREEN, P. J., and WEBBER, J., concur.