ROBERT L. ANDERSON, Plaintiff-Appellant, v. THE STATE BOARD OF ELECTIONS, Defendant-Appellee.

First District (5th Division)   No. 1—92—0541

Opinion filed March 9, 1992.

Richard Flowers and James E. Caldwell, both of Chicago, for appellant.

Al Zimmer, of Illinois State Board of Elections, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Robert Anderson (Anderson), at 4:55 p.m., on December 23, 1991, appeared at the branch office of the Illinois State Board of Elections (Board), 100 West Randolph Street, Suite 14-100, Chicago, Illinois, to file several objections to nominating papers. He filed one set of objections with the clerk but was unprepared to file a second set because he was required to locate an original petition among the papers he had with him. The clerk turned away to accept two petitions from other parties. The clerk again waited on Anderson and accepted his second and third set of objections but refused to accept his remaining objections noting that it was after 5 p.m. Anderson insisted that the clerk file his remaining objections because he had been waiting to file them before 5 p.m., and it was the last day to file such petitions. A public notice provided that during the period for filing objections, no objections would be accepted after the close of business at 5 p.m., any day during the filing period. Despite this notice, evidence clearly indicated that the Board had accepted objections after the 5 p.m. deadline.

Anderson filed a *mandamus* complaint in the trial court to compel the Board to accept his remaining objections. After a hearing, the court found that the Board's conduct was in accordance with the 5 p.m. rule, the rule was valid, and it was reasonably and impartially applied. Anderson filed a notice of appeal from that ruling but withdrew it and filed a

motion for reconsideration in the trial court. The court granted the motion but denied the relief requested.

On February 13, 1992, Anderson filed a notice of appeal but waited until February 25, 1992, to file a motion for an expedited hearing and oral argument. On February 28, 1992, this court, on its own motion, directed the Board to file a response. On March 3, 1992, this court granted an expedited hearing and directed both parties to submit briefs on or before March 5, 1992. Both parties complied with the court's order.

Although both parties filed excellent briefs in the short period of time allowed by this court, they addressed only the propriety of the Board's refusal to accept the objections. It is now just a few days before the primary election to which Anderson's objections relate. We believe *mandamus* is not a proper remedy at this late juncture.

■■ A complaint in *mandamus* is not a writ of right, rather, it is an extraordinary writ. (*Orenic v. Illinois State Labor Relations Board* (1989), 127 Ill. 2d 453, 537 N.E.2d 784.) The writ is discretionary and only appropriate when there is a clear right to the requested relief, a clear duty on respondent to act, and a clear authority in respondent to comply. (*Orenic*, 127 Ill. 2d 453, 537 N.E.2d 784.) Further, this court has held that relief may be denied when the proper and timely use of the mechanics provided by the election code could have avoided the necessity of a writ of *mandamus. People ex rel. Richter v. Telford* (1968), 103 Ill. App. 2d 132, 242 N.E.2d 464.

■ We must affirm the trial judge because Anderson does not have a clear legal right to *mandamus* relief, the Board does not have a clear legal duty to grant the relief, and there is no indication of the use of the mechanics provided by the election board which could have avoided the necessity of the writ.

Finally, when a writ of *mandamus* will operate to create disorder or confusion and not promote substantial justice, its issuance may be denied. *Hill v. Butler* (1982), 107 Ill. App. 3d 721, 437 N.E.2d 1307.

With this 1992 primary election, there is some confusion concerning which candidates are running and for what offices and which district a voter lives in. A writ of *mandamus* at this point in time would only create more confusion and would not promote substantial justice for Anderson, the candidates, or the voting public.

For the above reasons, we affirm the trial court.

Affirmed.

MURRAY and GORDON, JJ., concur.