The Honorable Carl D. Holmes State Representative, One Hundred Twenty-Fifth District P.O. Box 2288 Liberal, Kansas 67905
Dear Representative Holmes:
You request an opinion whether a city of the second class may condemn private property outside of the city limits for the purpose of obtaining an easement to construct a pipeline that will transport water from a point outside of the city limits to a point within the city. Additionally, you inquire whether a city may condemn property owned by the county.
In general, a municipality may not condemn private property outside of its corporate limits for a public purpose unless the power has been delegated by the legislature either directly or impliedly. McQuillin Mun. Corp., § 32.66 (3d Ed.); Evel v. City of Utica, 103 Kan. 567,568 (1918).
Kansas statutes are replete with express authority from the legislature granting to cities condemnation powers over private property outside of city limits for the purpose of transporting water to the city. [See K.S.A. 19-3545 et seq. (wholesale water supply district act); K.S.A.12-845 (construction of water pipes within five miles of city limits); K.S.A. 12-856 et seq. (construction of combined water and sewage system); Attorney General Opinion No. 80-92.]
K.S.A. 12-809 provides, in relevant part, as follows:
 "The governing body of any city shall have power and authority to . . . condemn and appropriate in the name and for the use of the city any such land or lands located in or out of the corporate limits thereof, as may be necessary for the construction and operation of waterworks. . . ."
In Evel v. City of Utica, supra, the court concluded that a city of the third class had the authority to condemn property outside of the city limits on the basis of an 1872 statute that was the predecessor to K.S.A. 12-809.
 "No one questions that the power to condemn for a public use embraces the supplying of water, which is indispensable to the health, comfort, and convenience of the people of the city. . . . The principal power [to condemn] must, of course, be expressly given and there go with it all the necessary instances of that power. As an instance of the power conferred in this case, the city authorities may go where ever it is practicable and necessary to obtain the supply of water for the people of the city. It is an acknowledged fact that water is obtained in most cities from places outside of the municipal limits, and the legislature, no doubt, had this fact in mind when the power of condemnation was conferred. It is equally well known that purer and better water can be obtained some distance away from the territory occupied by the people of the city. The legislature must therefore have known that in many cities it would be impossible to secure a supply of water within the municipal limits. . . ." Evel at 569. Also see McGinley v. City of Cherryvale, 141 Kan. 155, 157
(1935); Collins v. City of Wichita, 225 F.2d 132, 135
(10th Cir. 1955).
Consequently, it is our opinion that a city of the second class may condemn private property outside of its city limits for the purpose of obtaining an easement to construct a pipeline that will transport water from a point outside the city limits to a point within the city.
Your last query inquires whether a city may condemn property owned by a county. K.S.A. 26-201 authorizes cities to condemn private property, however, there is no statute that authorizes the condemnation of property owned by another municipality. Attorney General Opinion No. 91-51.
Some jurisdictions have concluded that one municipality may not condemn property owned by another municipality absent legislative authorization.McQuillan, Mun Corp sect. 32.74 (3rd. ed.); Village of Elmwood Park v.Forest Preserve Dist. of Cook County, 316 N.E.2d 140 (Ill. 1974). However, in State ex. rel. v. City of Kansas City, 187 Kan. 286 (1960), the city of Kansas City wanted to condemn a water system owned by a township. The attorney general argued on behalf of the township that property owned by a municipality and devoted to public use is "public property" and, therefore, is not subject to condemnation.
The court acknowledged that the general condemnation statute authorizes condemnation of "private property" so the issue became whether the property was simply being held by the township in its proprietary capacity or whether it was actually devoted to a public use. The court concluded that the property was not devoted to a public use and, therefore, the city could condemn.
The question left unanswered in the Kansas City case is what happens when property owned by a municipality is devoted to a public use. We addressed a similar situation in Attorney General Opinion No. 91-51 where we concluded that property in which the state had an interest (i.e. an easement) and that was already devoted to one public use could not be condemned if the condemnation would have substantially destroyed or materially interfered with the original use. City of Norton v. Lowden,84 F.2d 663 (10th Cir. 1936).
The corollary of that proposition is that property that is devoted to one public use may be condemned if the second use will not substantially destroy or materially interfere with the first use. Consequently, it is our opinion that a city may condemn property owned by a county if the property is either not devoted to a public use or, if it is devoted to such use, the condemnation will not substantially destroy or materially interfere with the original use.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General